KEKER, VAN NEST & PETERS LLP
ELLIOT R. PETERS - #158708
epeters@keker.com
LAURIE CARR MIMS - #241584
lmims@keker.com
STEVEN P. RAGLAND - #221076
sragland@keker.com
CODY S. HARRIS - #255302
charris@keker.com
ELIZABETH K. McCLOSKEY - #268184
emccloskey@keker.com
SEAN M. ARENSON - # 310633
sarenson@keker.com
MAYA PERELMAN - # 318554
mperelman@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff
GENENTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENENTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50, <br><br> Defendants. | Case No. 3:18-cv-06582-LB <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFF GENENTECH, INC.'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date:        December 13, 2018 <br> Time:       9:30 a.m. <br> Dept:        Courtroom B - 15th Floor <br> Judge:      Hon. Laurel Beeler <br><br> Date Filed: October 29, 2018 <br> Trial Date: Not Set |

**TO ALL DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

The motion for preliminary injunction by Genentech, Inc. ("Genentech") came before this Court for consideration on _____, 2018. Based upon the parties' submissions to the Court, the applicable law, the relevant pleadings and papers on file in this action, and the arguments of counsel, the Court hereby **GRANTS** Genentech's motion for a preliminary injunction and **ORDERS** as follows:

### Preliminary Injunction

The Court, for the purposes of this Preliminary Injunction, finds that Genentech has demonstrated a likelihood of success on the merits of its trade secret misappropriation claims against JHL Biotech, Inc., Xanthe Lam, Allen Lam, Racho Jordanov, Rose Lin, James Quach, and John Chan (collectively "Defendants") and the possibility of irreparable injury to Genentech. The Court further finds that the balance of harms tips in favor of Genentech.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants shall not disclose or use, directly or indirectly, Genentech's trade secret information.

2. Defendants shall not make, test, use, promote, offer to sell, market, commercialize, or sell biologics, therapeutics, drugs, and/or products of any kind that utilize, embody, or were developed, in whole or in part, with the benefit or use of any of Genentech's trade secret information.

3. Defendants shall not utilize any processes or methods that are derived from, contain, or embody, in whole or in part, any of Genentech's trade secret information.

4. Defendants shall not submit to or file with any regulatory body any documents or other materials (in paper, electronic, or any other form, including, for example, cell lines, assays, test results, drug substances, or drug products) that are derived from, contain, or embody, in whole or in part, any of Genentech's trade secret information.

5. Defendants shall preserve and to return to Genentech within fourteen (14) calendar days of the date of this Order (i) all copies of all Genentech documents and information, including without limitation any confidential, proprietary, and/or trade secret information acquired from

Genentech; and (ii) all copies of all materials (in paper, electronic, or any other form, including, for example, cell lines, assays, test results, drug substances, or drug products) containing any, or derived from any, Genentech trade secrets.

6. JHL Biotech, Inc., Racho Jordanov, and Rose Lin (collectively "JHL Defendants"), shall, within thirty (30) calendar days of the date of this Order, conduct a thorough investigation and provide a detailed accounting under oath, setting forth each individual and entity to whom or to which Defendants and any of them, and their employees or representatives, and all persons acting in concert or participating with them, disclosed (i) any Genentech documents or other materials (in paper, electronic, or any other form, including, for example, cell lines, assays, test results, drug substances, or drug products) or (ii) any of Genentech's confidential, proprietary, and/or trade secret information, what they saw or heard, when they saw or heard it, and for what purpose. This Order requires more than querying servers with keyword searches. For example, the JHL Defendants must interview personnel, particularly focusing on anyone who has communicated with Xanthe Lam, Allen Lam, John Chan, or James Quach.

7. Defendants shall provide to Genentech's counsel and the Court, within thirty (30) calendar days of the date of this Order, a complete and chronologically organized log of all oral and written communications—including, without limitation, conferences, meetings, phone calls, Skype or video-chat sessions, one-on-one conversations, texts, emails, letters, memos, and voicemails— wherein Xanthe Lam, Allen Lam, John Chan, or James Quach may have mentioned any Genentech confidential, proprietary, or trade secret information to any officer, director, employee, agent, supplier, or consultant of the JHL Defendants. The log shall identify for each such communication the time, place (if applicable), mode, all persons involved, and subjects discussed, as well as any and all notes, recordings, invoices, or other records referencing such communication.

**IT IS FURTHER ORDERED** that Genentech shall post a bond of $_____ in connection with this Preliminary Injunction Order.

**IT IS SO ORDERED.**

Dated: _____, 2018

_____
Hon.
Judge, United States District Court