MILES EHRLICH (Cal. Bar No. 237954)
miles@ramsey-ehrlich.com
AMY E. CRAIG (SBN 269339)
amy@ramsey-ehrlich.com
KATHARINE KATES (Bar No. 155534)
katharine@ramsey-ehrlich.com
RAMSEY & EHRLICH LLP
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

*Attorneys for Defendant Rose Lin*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENENTECH, INC.,<br><br>                    Plaintiff,<br><br>            v.<br><br>JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50,<br><br>                    Defendants. | Case No. 3:18-cv-06582-WHA<br><br>**DEFENDANT ROSE LIN'S NOTICE OF JOINDER AND NOTICE OF MOTION AND MOTION TO DISMISS GENENTECH, INC.'S, COMPLAINT UNDER FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Judge:** Hon. William H. Alsup<br>**Courtroom:** 12 - 19th Floor<br>**Date:** February 14, 2018<br>**Time:** 8:00 a.m. |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 14, 2019 at 8:00 a.m., in the United States

District Court for the Northern District of California, San Francisco Courthouse,

Courtroom 9, located at 450 Golden Gate Avenue, San Francisco, California, 94102,

before the Honorable William H. Alsup, Defendant Rose Lin will and hereby does join in

JHL' Biotech Inc.'s motion to dismiss (the "JHL Motion") and also moves the Court to

dismiss her from Claims One, Two, Three, Five and Seven of the Complaint filed by Genentech, Inc. ("Genentech" or "Plaintiff") under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim against her.

## STATEMENT OF ISSUES TO BE DECIDED

1) Whether Claim One should be dismissed as to Ms. Lin because Plaintiff failed to allege that she disclosed, acquired, or used an identified trade secret after the enactment of 18 U.S.C. §1836 (the Defend Trade Secrets Act or "DTSA") on May 11, 2016, as required by the statute;

2) Whether Claim Two should be dismissed as to Ms. Lin because Plaintiff has failed to allege that she disclosed, acquired, or used an identified trade secret owned by Plaintiff under Cal. Civ. Code §3426 (the "CUTSA");

3) Whether Claim Three should be dismissed as to Ms. Lin because:

   a. California law does not recognize a cause of action for Conspiracy and because Plaintiff has failed to allege that Ms. Lin conspired to disclose, acquire, or use an identified trade secret owned by Plaintiff under the CUTSA; and

   b. There is no civil cause of action for conspiracy under the DTSA; or, in the alternative, because Plaintiff has failed to allege that Ms. Lin conspired to disclose, acquire, or use an identified trade secret owned by Plaintiff under the DTSA; and

4) Whether Claims Five and Seven should be dismissed as to Ms. Lin because the claims under California law for Intentional Interference with Contractual Relations and Aiding and Abetting a Breach of the Duty of Loyalty are barred by the statute of limitations and are superseded by Cal. Civ. Code §3426.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Rose Lin joins in full the Motion to Dismiss and supporting Memorandum of Points and Authorities of JHL Biotech, Inc.  ("JHL") and incorporates by reference all arguments advanced by JHL. Ms. Lin also respectfully submits this Memorandum of Points and Authorities in support of her motion to dismiss the Complaint. This Memorandum raises additional arguments specific to Ms. Lin.

## I.      PRELIMINARY STATEMENT

Plaintiff brings claims against JHL and certain current and former employees of JHL, including Ms. Lin, for the misappropriation of trade secrets under state and federal law – Cal. Civ. Code §3426 (the "CUTSA") and 18 U.S.C. §1836 (the "DTSA") – as well as ancillary state law causes of action.  In sum, Plaintiff alleges that certain former Genentech employees brought Genentech trade secrets to JHL which JHL then used to create competing medicines.

Ms. Lin is the manager of JHL.  But, under California law, her management position alone does not impose liability for the misappropriation of trade secrets by others at JHL. Nor does mere knowledge that JHL employees possessed Genentech trade secrets that might be used by JHL create liability.  Instead, Plaintiffs must plead (and prove) that Ms. Lin herself engaged in actionable conduct – that she acted beyond the scope of her employment as an officer of JHL and that her participation in the purported misappropriation was "unreasonable." *See PMC, Inc. v. Kadisha,* 78 Cal.App.4th 1368, 1389 (2000)*; Accuimage Diagnostics Corp. v. Terarecon, Inc*., 260 F. Supp. 2d 941, 950 (N.D.C.A. 2003).  Plaintiff fails to allege the specific facts necessary to establish that Ms. Lin acted outside her capacity as a manager and that she knowingly – and unreasonably – participated in the disclosure, acquisition, or use of trade secrets.  Thus, the claim under the CUTSA should be dismissed.

In addition, the claim under the DTSA should be dismissed because the Complaint contains no allegations of conduct by Ms. Lin after the date of enactment of the statute, as required by the statute itself.

Further, Plaintiff's cause of action for conspiracy should be dismissed under both the DTSA and CUTSA.  Under the CUTSA, as a preliminary matter, California does not recognize an independent cause of action for conspiracy.  As a matter of substance, Plaintiff also fails to plead the specific actions by Ms. Lin that establish her direct participation in the conspiracy beyond her role as a corporate officer.  Under the DTSA, the statute does not provide for a civil cause of action for conspiracy – and thus, this claim should be dismissed.

Finally, as to the causes of action for interference with contract and breach of fiduciary duty under California law, Ms. Lin joins with JHL that these are barred by the statute of limitations and are superseded by the CUTSA.

For all these reasons, Ms. Lin should be dismissed from this action.

[Counsel incorporates by reference the Statement of Facts in JHL's Motion at §II, A, and will not repeat the summation here.]

## II.    PLAINTIFF DOES NOT ALLEGE FACTS THAT ESTABLISH A VIOLATION OF THE DTSA OR CUTSA AGAINST MS. LIN; THUS, CLAIMS ONE AND TWO SHOULD BE DISMISSED

### A.  Elements: The owner of trade secret information must show the defendant's wrongful acquisition, disclosure, or use

The elements of a misappropriation of a trade secret claim under the DTSA and the CUTSA are substantially the same.  An owner of "information" that the owner has made "reasonable" efforts to keep secret and which "derives independent economic value . . . from not being generally known to" other persons, may establish liability by showing the defendant's wrongful acquisition, disclosure, or use of that information.  *See e.g., Becton, Dickinson & Co. v. Cytek Biosciences Inc*., 2018 U.S. Dist. LEXIS 85121 at *5-6; 2018 WL 2298500 (N.D.C.A. May 21, 2018, Judge Chesney), *citing* 18 U.S.C. §§ 1836, 1839; Cal. Civ. Code § 3426.1, 3426.3.  To state a cause of action under either the

DTSA or the CUTSA, Plaintiff must allege that Ms. Lin participated in the acquisition, disclosure, or use of the trade secrets identified by Plaintiff sufficient to meet the standards imposed by Rule 8 and substantive law.

### B. The absence of allegations regarding conduct by Ms. Lin after the date of enactment is fatal to Plaintiff's Claim One under the DTSA

Under federal law, the DTSA applies only to conduct that occurs *after* the date of enactment, or May 11, 2016. *Attia v. Google LLC,* 2018 U.S. Dist. LEXIS 99400 at *32; 2018 WL 2971049 (N.D.C.A., June 13, 2018, Judge Freeman) *citing Defense of Trade Secrets Act of 2016, PL 114-153, May 11, 2016, 130 Stat. 376.* And a complaint alleging a DTSA claim must state facts establishing misappropriation after this date. *See Id.; Becton, Dickinson & Co. v. Cytek Biosciences Inc.,* 2018 U.S. Dist. LEXIS 85121 at *8-9, 11; 2018 WL 2298500 (N.D.C.A. May 21, 2018, Judge Chesney); *Cave Consulting Grp., Inc. v. Truven Health Analytics, Inc*., U.S. Dist. LEXIS 62109 at *13, 2017 WL 1436044 at *4 (N.D. Cal. Apr. 24, 2017, Judge Illston). Plaintiff's Complaint contains no allegations involving conduct by Ms. Lin's after May 11, 2016. Instead, the only specific allegations of conduct by Ms. Lin purportedly occurred in September and December of 2013 and in April of 2015. ¶¶ 142, 157, 175. As a result, the Court should dismiss the First Cause of Action under the DTSA against Ms. Lin.

### C. Plaintiff fails to allege wrongful acquisition, disclosure, or use by Ms. Lin under the CUTSA, Claim Two

The crux of Plaintiff's allegations against Ms. Lin is that she, together with JHL co-founder and CEO Racho Jordanov, hired Xanthe Lam, Allen Lam, and James Quach from Genentech for the purpose of developing competing medicines by misappropriating the trade secrets to which they had access. Yet, under California law, a corporate officer's status does not subject her to vicarious liability for tortious conduct of the corporation. *See Accuimage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D.C.A. 2003), *citing Frances T. v. Village Green Owners Ass'n*., 42 Cal. 3d 490,

505 (1986).   To impose tort liability on an officer, Plaintiff must allege either "direct action" or "knowing consent to or approval of unlawful acts."  *PMC, Inc. v. Kadisha*, 78 Cal.App.4th 1368, 1380 (2000).  And mere knowledge that an employee had access to a competitor's trade secrets is not enough to impose liability for misappropriation: "the corporate director or officer must have known or had reason to know of the misappropriation and then ***unreasonably participated in the unlawful conduct***."  *Id.* at 1389 (emphasis added).

Under this standard, in *Accuimage*, Judge Patel dismissed a misappropriation claim against the CEO of a corporation on allegations that the CEO had expressed interest in hiring one of the plaintiff's key employees, that the employee left plaintiff's employment, bringing with him a laptop computer containing the previous employer's confidential trade secret information, and that the new corporation soon thereafter introduced a substantially similar competing product.  *See Accuimage,* 260 F. Supp. 2d at 945-46, 950.  Following *PMC*, the Court stated: "But mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other 'unreasonable participation' in the unlawful conduct by the individual." *Id.* at 950, *citing PMC,* 78 Cal. App. 4th at 1389.  Because the complaint lacked specific allegations that the CEO acted beyond his capacity as a corporate officer by participation in actionable conduct, it failed to allege a claim under the CUTSA.  *Id.* at 950.

Here, Plaintiff's allegations against Ms. Lin are strikingly similar to those in *Accuimage* – generally alleging that by invitation from Ms. Lin and Mr. Jordanov, former Genentech employees began employment at JHL, bringing with them confidential trade secret information which they then used to develop competing medicines.  *See* ¶¶ 12, 13, 143.  Without any factual support, Plaintiff makes the conclusory assertion that by hiring Genentech employees, Ms. Lin "knowingly received and utilized" Genentech confidential materials.  ¶ 26.  Absent more factual detail, however, the complaint does not

sufficiently allege that Ms. Lin acted outside the scope of her corporate role through unreasonable participation in the tortious conduct. *See Accuimage,* 260 F. Supp. 2d at 950. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A pleading that offers "labels and conclusions" or lists elements but is "devoid of 'further factual enhancement" does not meet Rule 8)(citations omitted).

In addition, Plaintiff alleges that Ms. Lin participated in certain communications in the fall of 2013 and in April of 2015 with co-defendants – yet these equally fail to allege misappropriation. As to the former, Plaintiff alleges that in September 2013, Ms. Lam, Ms. Lin, and Mr. Jordanov "discussed the raw materials that Ms. Lam would need to conduct formulation work on two of JHL's biosimilars," mimicking Rituxan® and Herceptin®. ¶ 142. And in December 2013, the three attended meetings at which they discussed the "formulation strategy for JHL's biosimilars" of Rituxan®, Pulmozyme®, and Herceptin®. ¶ 157. Neither of these statements allege that Ms. Lin acquired, disclosed, or used a Genentech trade secret. There is nothing illegal in attempting to create a biosimilar or in discussing the "materials needed" or the "formulation strategy" to replicate a known biosimilar. In fact, Genentech has acknowledged that "the formulation of the marketed drug product[s]" Rituxan®, Pulmozyme®, and Herceptin® are "publicly known." *See* Plaintiff Genentech, Inc.'s Statement Regarding Trade Secrets Pursuant to California Code of Civil Procedure Section 2019.210, Dkt. No. 21 at ¶¶ 6, 13, 27, attached as Exhibit A to Defendant Racho Jordanov's and Defendant Rose Lin's Request for Judicial Notice. Because the formulation of the Genentech drugs is publicly known, the allegations regarding the discussion of "raw materials" for "formulation work" and "formulation strategy," allege nothing more than non-actionable "reverse engineering" of a publicly-disclosed formulation. *See Waymo LLC v. Uber Technologies, Inc. et al*, Case 3:17-cv-00939-WHA, Dkt. No. 2449, Penultimate Jury Instructions on Trade Secret Misappropriation, 7:12-22.

Further, Plaintiff alleges – on "information and belief" – that on April 23, 2015 Ms. Lin texted with Ms. Lam and also received an email from Mr. Lam regarding Genentech's "analytical methods for Rituxan®" and their applicability to the development of a JHL biosimilar.  ¶ 175.  Yet, these allegations fall short of alleging misappropriation.  Under California law, "one who passively receives a trade secret, but neither discloses nor uses it, would not be guilty of misappropriation." *Silvaco Data Systems v. Intel Corp*. 184 Cal.App.4th 210, 223 (2010).  Because Plaintiff alleges no additional facts establishing Ms. Lin's participation in the disclosure or use of the "analytical methods for Rituxan®," these facts do not state a claim for misappropriation.

## III.   PLAINTIFF FAILS TO STATE A CONSPIRACY CLAIM AGAINST MS. LIN UNDER STATE OR FEDERAL LAW, THUS CLAIM THREE SHOULD BE DISMISSED

### A.  Plaintiffs fail to state a claim for conspiracy under California law

As a preliminary matter, California does not recognize an independent cause of action for conspiracy. *See, e.g., Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-511 (Cal. 1994).  At a minimum, Plaintiff must re-plead its claim for conspiracy as a theory of liability within the substantive cause of action.  *See Accuimage*, 260 F. Supp. 2d at 947 and JHL Motion at § IV, B, 2, a.

Apart from the pleading requirements, to bring a conspiracy claim, Plaintiff must allege specific actions by Ms. Lin outside the scope of her employment that establish her participation in the formation and operation of the conspiracy. *See  Accuimage,* 260 F. Supp. 2d at 947.  The "agent's immunity rule" proscribes conspiracy claims between agents and their principals where the agent is acting on behalf of the corporation and not for the agent's individual advantage.  *See id., citing Black v. Bank of America*, 30 Cal. App. 4th 1, 4-5 (1st Dist. 1994).  Under this rule, Plaintiff must clearly allege the specific actions on the part of Ms. Lin that establish the elements of a conspiracy to misappropriate – including both facts establishing that she directly ordered, authorized, or participated in the conduct and facts that describe the formation and operation of the

conspiracy and resulting damage.  *See id., citing Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 785, 157 Cal. Rptr. 392, 598 P.2d 45 (1979); *Mox, Inc. v. Woods*, 202 Cal. 675, 677, 262 P. 302 (1927); *see also Choate v. County of Orange*, 86 Cal.App.4th 312, 333 (2000) ("[b]are allegations and rank conjecture do not suffice for a civil conspiracy" (citation and punctuation omitted)).  Indiscriminately alleging that all defendants participated in the conspiracy is not enough. *See Accuimage Diagnostics*, 260 F. Supp. 2d at 948.  Plaintiff's conclusory allegations here – that "[e]ach Defendant . . . . agreed with and encouraged [Xanthe's] plan" (¶ 285) – fall short.

### B.  There is no civil conspiracy claim under the DTSA

As set forth in JHL's Motion, the DTSA does not create a private right of action for conspiracy to engage in theft of trade secrets.  *See* JHL Motion at § IV, B, 2, b; *see Steves & Sons v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 842-43 (E.D. Va. 2017) (the DTSA limits civil remedies to the seizure of property under the process set forth in the statute).

In the alternative, were this Court to recognize a cause of action for conspiracy under the DTSA, Plaintiff must allege "a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage." *Gilbrook v. City of Westminster,* 177 F.3d 839, 856 (9th Cir. 1999)(citation omitted). To meet the first element, the Plaintiff must allege that the parties "reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement." *Id.*  Conclusory allegations of a meeting of the minds will not satisfy Rule 8 under *Iqbal.  See Lacey v. Maricopa County,* 693 F.3d 896, 935 (9th Cir. 2012) (section 1983 conspiracy), *citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Athena Feminine Techs. Inc. v. Wilkes*. 2011 U.S. Dist. LEXIS 103209 *19-20; 2011 WL 4079927 (N.D.C.A. 2011) (finding conclusory allegations of agreement insufficient to state a conspiracy claim under California law)  Plaintiff's skeletal allegations – merely re-stating the elements of a

conspiracy without further factual support – do not meet Rule 8's standards.  *See* Complaint ¶¶ 284-286.

Because Plaintiff's allegations fail to state a conspiracy cause of action under state or federal law, Claim Three should be dismissed.

## IV.    CLAIMS FIVE AND SEVEN SHOULD ALSO BE DISMISSED

Finally, as to the causes of action for interference with contract and breach of fiduciary duty, Claims Five and Seven, Ms. Lin joins with JHL in that these are barred by the statute of limitations and are superseded by the CUTSA.  *See* JHL Motion, § IV, B, 1.

## V.    CONCLUSION

For the foregoing reasons, Ms. Lin should be dismissed from Claims One, Two, Three, Five, and Seven – and thus from the action.

Dated: January 4, 2019                         Respectfully Submitted,

                                               RAMSEY & EHRLICH LLP

                                                 */s/ Miles Ehrlich*
                                               Miles Ehrlich
                                               Katharine Kates
                                               Amy Craig

                                               *Attorneys for Defendant Rose Lin*