DAVID H. SCHWARTZ (SBN 62693)
NANCY CHUNG (SBN 225584)
LAW OFFICES OF DAVID H. SCHWARTZ, INC.
423 Washington Street, Sixth Floor
San Francisco, CA 94111
Tel: (415) 399-9301
Fax: (415) 399-9878
E-mail: dhs@lodhs.com; nchung@lodhs.com

Attorneys for Defendants Xanthe Lam and Allen Lam

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GENENTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50, <br><br> Defendants | CASE NO.: 3:18-cv-06582-WHA <br><br> **DEFENDANTS XANTHE LAM AND ALLEN LAM'S NOTICE OF MOTION AND MOTION TO STAY PENDING DISPOSITION OF CRIMINAL CASE** <br><br> Date:  February 14, 2019 <br> Time:  8:00 a.m. <br> Courtroom: 12, 19th floor <br> Judge:  Hon. William H. Alsup <br><br> Complaint Filed: October 29, 2018 <br> Trial Date:  Not Set |

**NOTICE OF MOTION AND MOTION TO STAY**

PLEASE TAKE NOTICE that on February 14, 2019, at 8:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 12 before the Honorable William H. Alsup, Defendants Xanthe Lam and Allen Lam (collectively "the Lam Defendants") will, and hereby do, move the Court to stay proceedings pending resolution of the criminal case, *United States v. Lam*, no. 3:18-cv-00527-WHA.

The Lam Defendants' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Notice of Joinder to Defendants JHL Biotech, Inc. and John Chan's Motion to Stay Proceedings Pending Resolution of the Criminal Case, all documents in the Court's file, and on such other written or oral argument as may be presented to this Court.

Dated:  January 4, 2019

                                                    LAW OFFICES OF DAVID H. SCHWARTZ, INC.

                                                    By:   _____ */s/ David H. Schwartz*_____
                                                            David H. Schwartz
                                                            Attorney for Defendants
                                                            Xanthe Lam and Allen Lam

**MEMORANDUM AND POINTS OF AUTHORITIES**

I.  **INTRODUCTION**

Xanthe Lam and Allen Lam are defendants in a criminal action presently pending before this Court, *United States v. Lam*, no. :18-cr-00527-WHA.  In the criminal action, the Government has alleged that the Lam Defendants misappropriated trade secrets from Genentech and committed computer fraud and abuse.  As this Court has already recognized by relating this case to the criminal action, both actions involve the same subject matter.  As such, a stay is both necessary and appropriate to safeguard the Lam Defendants' right to exercise their Fifth Amendment privilege against self-incrimination.  Absent a stay, the Lam Defendants will be confronted with the Hobson's choice of asserting the privilege and thereby prejudicing their defense in this case or waiving the privilege and facing exposure in the criminal action.  A stay obviates that dilemma.

In addition, as set forth below, a stay is in the best interest of the Court and public.  By holding this civil proceeding in abeyance, the Court will avoid the possibility of becoming mired in the issues that inevitably would arise should the Lam Defendants or others assert the privilege.  As Genentech waited two years before filing this civil action, any concerns as to prejudice to Genentech are unfounded or otherwise pale in comparison to the need to protect the Lam Defendants' constitutional rights under the Fifth Amendment and the Court's need to effectively and efficiently manage both cases.

II.  **STATEMENT OF FACTS**

The present civil action was filed by Plaintiff Genentech on October 29, 2018 and claims that Defendant Xanthe Lam and her husband Allen Lam misappropriated trade secret information belonging to Genentech.  In its 73-page complaint, Genentech admits that it learned about the allegations that underlie the complaint in October 2016. (Complaint, p.11. ¶¶ 36, 244. [ECF 1])  Yet, it was not until one year later, on October 13, 2017, that Genentech terminated Xanthe Lam based on her supposed role in the allegations in the complaint, and not until October 29, 2018 that Genentech brought suit against Xanthe and Allen. (Complaint, p. 57, ¶ 55.)

On October 25, 2018, an indictment in *United States v. Lam*, no. 18-cr-00527-WHA, was returned sealed.  Defendants Xanthe Lam and Allen Lam are not only defendants in this civil action

2

alleging misappropriation of trade secret information belonging to Genentech, they are also named in the related criminal proceeding pending before this Court. In the criminal indictment, the government is charging Xanthe Lam with, among other things, criminal theft of Genentech trade secrets pursuant to 18 U.S.C. § 1832(a) and criminal computer fraud and abuse pursuant to 18 U.S.C. § 1030(a) relating to unlawful access to Genentech computers and servers. Allen Lam is charged with, among other things, criminal theft of Genentech trade secrets pursuant to 18 U.S.C. 1832(a) which Allen allegedly obtained from his wife, Xanthe.

No one could credibly dispute that the conduct alleged against the Lams in the civil complaint and the criminal indictment are identical.  Both pleadings describe the same course of conduct during the same time period.  Both allege that Xanthe and Allen Lam misappropriated trade secrets from Genentech in an effort to assist JHL in developing biosimilars of the same four Genentech drugs—Pulmozyme, Rituxan, Herceptin, and Avastin (the "Reference Drugs"). Specifically, the complaint and the indictment both allege that Defendants misappropriated trade secrets from Genentech, including (i) Genentech's analytical methods for testing the stability, potency, purity, chemical composition and identity, and quality of the Reference Drugs; (ii) information related to the formulation of the Reference Drugs; and (iii) protocols and systems related to quality assurance and control and manufacturing processes.  (Complaint, p. 5, ¶ 16; Indictment ¶ 9.)  Both pleadings also include allegations related to computer fraud and abuse.

Genentech agrees that the criminal and civil cases rest on an identical set of alleged facts. To wit, on October 30, 2018, Genentech filed its administrative motion to relate the civil and criminal cases. *United States v. Lam, et al.*, ECF. No. 19.  In the motion, Genentech stated that the civil and criminal cases "concern substantially the same transaction or events, are predicated upon the same underlying facts, involve the theft of the same intellectual property, and are brought against the same parties." Genentech, Inc.'s Administrative Motion to Relate Cases at 2:16-18, *United States v. Lam, et al*., No. CR-18-527-WHA (N.D. Cal. Oct. 29, 2018), ECF No. 19.  On November 6, 2018, the Court granted the motion and ordered the cases related.  ECF No. 20.

On December 11, 2018, the parties in the criminal action filed a proposed schedule with a trial date of April 2020, which this Court adopted at a hearing on December 18, 2018.  *United*

3

*States v. Lam, et al.*, No. CR-18-527-WHA (N.D. Cal. Oct. 29, 2018), ECF 48.

Given the overlapping subject matter of the criminal and civil proceedings, Defendants Xanthe Lam and Allen Lam intend to assert their Fifth Amendment right against self-incrimination in the civil action until such time as the criminal case has concluded.  (*See* Declaration of David H. Schwartz in Support of the Lam Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction and Lam Defendants' Motion to Stay ("Schwartz Dec."), ¶¶ 2-11.)  Each of the other individual defendants in the civil action have indicated they too will assert their Fifth Amendment rights against self-incrimination in the civil action. This includes both the other two named criminal defendants John Chan and James Quach, but also the two unindicted civil defendants Rose Lin and Racho Jordanov.

## III.   LEGAL STANDARD

A Court has discretion to stay a civil action if the Court determines that "the interests of justice seem to require such action." *Keating v. Office of Thrift Supervision*, 45 F.3rd 322, 324 (9th Cir. 1995) (quotation omitted).  The Court's decision "whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case,' including 'the extent to which the defendant's fifth amendment rights are implicated.'"  *Keating*, 45 F.3rd 322, 324-25 (9th Cir. 1994) (quoting *Federal Sav. & Loan. Ins. Corp. v. Molinaro*, 889 F.2nd 899, 902 (9th Cir. 1989).  In addition to evaluating Fifth Amendment concerns, courts in the Ninth Circuit consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the courts in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3rd at 324-25 (citing *Molinaro*, 889 F.2nd at 903).

Given the facts of the present case—including the recent criminal indictment, and the numerous witnesses, including criminal defendants Xanthe Lam and Allen Lam, who will assert their Fifth Amendment rights in a civil trial—the Lam Defendants believe that these factors strongly support a stay here.

### IV. THE INTERESTS OF JUSTICE STRONGLY FAVOR A STAY OF THE CIVIL PROCEEDINGS

#### A. <u>Defendants Xanthe Lam and Allen Lam's Fifth Amendment Rights Are Directly Implicated</u>

The Fifth Amendment to the Constitution provides that "No person . . . shall be compelled in any Criminal Case to be a witness against himself." U.S. Const. Amend. V. The privilege protects an accused form being required to give testimony that might subject her/him to criminal liability. Specifically, the privilege protects against compulsory oral testimony and also against compulsory production of documents or personal property. *Bellis v. U.S.*, 417 U.S. 85, 87 (1974).

"The strongest case for deferring civil proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Fed. Ins. Co. v. Laney*, No. 12-04708-WHA, 2013 U.S. Dist. LEXIS 2013 at *7 (N.D. Cal. Feb. 14, 2013), quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2nd 1368, 1375-1376. The parallel proceeding "might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." *Id*.

This precise situation now confronts this Court. Here, the civil and criminal cases arise from the same core underlying events, as Genentech affirmatively acknowledged in its Administrative Motion to Relate Cases, and this Court agreed when it related the civil action to the pending criminal action. *See* Civ. L.R. 3-12(a)-(b).

There can be no legitimate dispute that Xanthe Lam and Allen Lam's Fifth Amendment rights are directly at stake. Courts have held that if the defendant in both criminal and civil proceedings is an individual who has been indicted and the issues in both proceedings are the same, the defendant's Fifth Amendment privilege will be implicated. *See, e.g.*, *Fed. Ins. Co. v. Laney*, No. 12-04708-WHA, 2013 U.S. Dist. LEXIS 2013 at *7-8 (N.D. Cal. Feb. 14, 2013) (collecting cases and granting stay) If this case is permitted to proceed, the Lam Defendants will be faced with "the difficult choice between asserting his or her right against self-incrimination, thereby inviting

prejudice in the civil case, or waiving those rights, thereby courting liability in the criminal case." *Javier H. v. Garcia-Botello*, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

At bottom, the Lam Defendants cannot defend themselves in the civil action in any meaningful way without risking waiver of their rights under the Fifth Amendment in the criminal action. For example, in the civil action, the Lam Defendants' obligation to produce documents as part of their Rule 26 disclosures, as well as their obligation to respond to interrogatories and sit for depositions, necessarily require testimonial acts covered by the privilege. In view of the posture of the case, coupled with the legal authorities cited above, there can be no legitimate dispute that the Lam Defendants' Fifth Amendment privilege is directly at issue in this proceeding.

Where, as here, the Lam Defendants' Fifth Amendment rights are implicated by discovery and disclosures in the civil action, such finding then "heavily weighs in favor of a stay" of the civil action. *Fed. Ins. Co. v. Laney,* 2013 U.S. Dist. LEXIS 21250 at *9; see also *See Bridges v. Geringer*, No. 13-cv-01290-LHK, 2013 U.S. Dist. LEXIS 103852 at *7 (N.D. Cal. July 24, 2013) ("'[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter.'") (quoting *SEC v. Dresser Indus. Inc.*, 628 F.2nd 1368, 1375-76 (D.C. Cir. 1980)). Although the criminal trial is now scheduled in April of 2020, that fact should not affect the Court's determination here. Plaintiff elected to defer seeking relief through civil proceedings for two years while the Government conducted its investigation, (largely fueled by Plaintiff), and brought its indictment. Only after the Lams were indicted did Genentech initiate civil proceedings. If it was acceptable to Genentech to sit on its rights for two years awaiting the criminal indictment, it clearly will not be a hardship for Genentech to wait another fifteen (15) months to permit the criminal indictment to proceed to trial. Any reasonable weighing of relative prejudice to the parties from staying or not staying the civil proceeding will come down in favor of a stay, particularly when balanced against the prejudicial effect on the Defendants' Fifth Amendment rights if the civil action is allowed proceed.

B. <u>A Stay Will Not Result in Any Prejudice to Genentech</u>

The second *Keating* factor also favors an imposition of stay. *Keating*, 45 F.3d at 324-25.

6

Although courts may find that plaintiffs have an interest in a speedy resolution of their civil claims, that concern is minimized here by Genentech's delay in filing the complaint. *See Delphi Connection Sys., LLC v. Koehlke Components, Inc.*, No. SACV 12-01356-CJC, 2012 U.S. Dist. LEXIS 195795, *8 (C.D. Cal. Oct. 17, 2012) (fact that plaintiff waited six months to file complaint after alerting authorities of the defendants' allegedly illegal behavior "suggests to the Court that the remedies it seeks are not so pressing that a stay would cause it irreparable harm."). As Genentech has admitted, it became aware of the conduct alleged in the complaint in October 2016 but waited two years before filing this action. (Complaint, p.55, ¶ 244.) Genentech's assertion that it delayed filing a civil complaint to avoid tipping off Xanthe Lam to the ongoing criminal investigation (Complaint, p. 56 ¶ 248) only reinforces the conclusion that Genentech has opted to prioritize criminal prosecution of the Lams over pursuing private remedies. Having waited two years to file its civil complaint in order to benefit from the criminal investigation, it is reasonable and fair to require Genentech to await resolution of the resulting criminal charges before proceeding on its civil claims. *See Medina v. Argent Mortg. Co.*, No. 05-cv-2905 RS, 2006 U.S. Dist. LEXIS 30582, at *7 (N.D. Cal. 2006) (noting plaintiff's lack of "particular urgency regarding the prosecution of their civil action" as a factor weighing against a finding of prejudice to plaintiff); *Delphi Connection Sys.*, 2012 U.S. Dist. LEXIS 195795, *8 (granting stay in part because plaintiff waited six months after alerting authorities of the allegedly illegal behavior before filing complaint).

Any potential prejudice to Genentech from delay is further minimized because a stay will be entered only after this Court rules on Genentech's motion for a preliminary injunction. If Genentech were to be successful in convincing the Court that it faces imminent irreparable harm, the Court will have had the opportunity to fashion appropriate injunctive relief *before* the stay takes effect. Delaying Genentech's suit for money damages does not mitigate against the imposition of a stay. *See Jones v. Conte*, No. C 04-5312 SI, 2005 U.S. Dist. LEXIS 46962, at *5 (N.D. Cal. April 19, 2005) (harms that may be remedied by monetary damages not reason to deny a stay). As discussed in JHL's Opposition to the Motion for Preliminary Injunction and supporting declarations, JHL is years away from marketing a product competitive with any Genentech product

7

that would possibly impact Genentech's revenues. It is doubtful even that Genentech's claims for economic loss will be ripe for analysis until long past the scheduled April 2020 trial date.

In addition, any prejudice to Genentech will be minimized by the likely overlap between witnesses and evidence in the criminal and civil cases. *See McCormick v. Rexroth*, No. C 09-4188 JF, U.S. Dist. LEXIS 35783, at *8 (N.D. Cal. March 15, 2010) ("[T]he fact that the witnesses for the two proceedings are likely to include many of the same people providing much the same testimony should reduce the danger that any testimony will be lost as a result of the stay."). In fact, as discussed below, Genentech may benefit from a stay to the extent the criminal action resolves overlapping factual issues.

      C.     <u>A Stay Is the Most Efficient Use of Judicial Resources</u>

A stay in the civil action will also conserve the judicial resources of this Court. "By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." (*Javier H.*, 218 F.R.D. at 75. "[A] number of courts have concluded that staying a parallel civil proceeding in its early stages may prove more efficient in the long run." *CFPB v. Glob. Fin. Support, Inc.*, 2016 U.S. Dist. LEXIS 64959, at *15 (S.D. Cal. May 17, 2016) (collecting cases).

In contrast, allowing the civil case to go forward without a stay would likely increase the burden on the Court. The individual defendants including the Lam Defendants will likely invoke their Fifth Amendment privileges, foreseeably leading to discovery disputes and the need for Court intervention. *Clifford v. Trump*, No. CV 18-02217 SJO, 2018 U.S. Dist. LEXIS 122521, at *17 (N.D. Cal. April 27, 2018)) (noting the likelihood of discovery disputes and finding that judicial efficiency weighs in favor of a stay); *Waymo LLC v. Uber Techs., Inc.*, No. C 17-00939 WHA, 2017 U.S. Dist. LEXIS 73843, at *16 (N.D. Cal. May 15, 2017) (assertion of Fifth Amendment privilege led to proliferation of contentious discovery disputes). A stay would allow civil discovery to proceed in the future unencumbered by Fifth Amendment concerns. (*Jones v. Conte, supra*, 2005 U.S. Dist. LEXIS 46962, at *5 ("Staying the case makes efficient use of judicial

resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.") (internal quotation omitted).

### D. The Public Interest Weighs in Favor of a Stay

Courts often find that the final factor—the public interest—weighs in favor of a stay. "[T]he public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." (*Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-cv-0954 FCD, 2009 U.S. Dist. LEXIS 60849, at *10 (E.D. Cal. July 15, 2009) (internal quotation omitted). Staying the civil proceedings and allowing the criminal case to go forward helps "prevent premature disclosure of criminal discovery materials." *Baker v. SeaWorld Entm't Inc.*, No. 14cv2129-MMA, 2018 U.S. Dist. LEXIS, at *9 (S.D. Cal. April 10, 2018). A stay to protect the criminal proceedings is particularly crucial in cases such as this one, which have received significant press coverage. *See Keating*, 45 F.3rd at 326 ("[i]n such high visibility situations, it is especially necessary to guard the rights of defendants, and concern for the public deterrence value of an enforcement proceeding must not be allowed to override the individual defendant's due process rights."). Although Genentech may argue that the public has an interest in preventing trade secret theft, the criminal proceedings will protect this interest. "In fact, the public interest is likely better served by the criminal proceedings, considering that the U.S. Attorney will be acting on behalf of the general public." *Delphi Connection Sys., Inc.*, 2012 U.S. Dist. LEXIS 195795, at *7. Here, "[Genentech] only represents its own interests, and any benefits to the public will be incidental." *Id.* The public interest factor thus also weighs in favor of a stay.

## V. CONCLUSION

For the foregoing reasons, the Lam Defendants respectfully request that the Court stay this action pending resolution of the parallel criminal proceeding pending against them.

Dated: January 4, 2019                          Respectfully submitted,

                                                LAW OFFICES OF DAVID H. SCHWARTZ, INC.


                                                By:  _____ */s/ David H. Schwartz*_____
                                                        David H. Schwartz
                                                Attorney for Defendants Xanthe Lam and Allen Lam

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28