DAVID H. SCHWARTZ (SBN 62693)
NANCY CHUNG (SBN 225584)
LAW OFFICES OF DAVID H. SCHWARTZ, INC.
423 Washington Street, Sixth Floor
San Francisco, CA 94111
Tel: (415) 399-9301
Fax: (415) 399-9878
E-mail: dhs@lodhs.com; nchung@lodhs.com

Attorneys for Defendants Xanthe Lam and Allen Lam

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GENENTECH, INC., <br><br> Plaintiff, <br><br> v. <br><br> JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50, <br><br> Defendants | CASE NO.: 3:18-cv-06582-WHA <br><br> **DEFENDANTS XANTHE LAM AND ALLEN LAM'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)** <br><br> Date: February 14, 2019 <br> Time: 8:00 a.m. <br> Courtroom: 12, 19th floor <br> Judge: Hon. William H. Alsup |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 14, 2019, at 8:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA, in Courtroom 12 before the Honorable William H. Alsup, Defendants Xanthe Lam and Allen Lam (collectively "the Lam Defendants") will, and hereby do, move the Court, pursuant to Fed. R. Civ. P. 12(b)(6), for an order dismissing Plaintiff Genentech, Inc.'s claims numbered three against Xanthe Lam and Allen Lam, five against Allen Lam, six against Xanthe Lam, and seven against Allen Lam because Genentech fails to state these claims such that relief can be granted.

The Lam Defendants' motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Notice of Joinder in Defendant JHL Biotech, Inc.'s Motion to Dismiss Pursuant to Federal Rules of Procedure 12(b)(2) and 12(b)(6) to the extent applicable to the Lam Defendants, all documents in the Court's file, and on such other written or oral argument as may be presented to this Court.

Dated: January 4, 2019

                                        LAW OFFICES OF DAVID H. SCHWARTZ, INC.

                                        By:   */s/ David H. Schwartz*
                                                  David H. Schwartz
                                                  Attorney for Defendants
                                                  Xanthe Lam and Allen Lam

# **TABLE OF CONTENTS**

**NOTICE OF MOTION AND MOTION** ..................................................................................... 1

**TABLE OF AUTHORITIES** ..................................................................................................... ii

**I. INTRODUCTION** ............................................................................................................ - 1 -

**II. STATEMENT OF FACTS** ............................................................................................. - 1 -

**III. LEGAL STANDARD** .................................................................................................... - 2 -

**IV. ARGUMENT** .................................................................................................................. - 3 -

    A.    <u>The Fifth, Sixth, and Seventh Causes of Action are Barred by the Statute of Limitations</u> ............................................................................................................ - 3 -

    B.    <u>The First Cause of Action Against Allen Lam Fails as The DTSA Cannot Be Retroactively Applied to Alleged Acts Occurring Prior to the Enactment of the DTSA</u> ..................................................................................................................... - 5 -

    C.    <u>Plaintiff Cannot State A Viable Cause of Action for Conspiracy (Third Cause of Action) and Intentional Interference (Fifth Cause of Action)</u> .............................. - 7 -

        1.    *Plaintiff's Third and Fifth Causes of Action Are Preempted by the California Uniform Trade Secrets Act* ............................................. - 7 -

        2.    *Plaintiff's Fifth Cause of Action for Intentional Interference with Contractual Relations against Allen Lam is Preempted by CUTSA* ... - 10 -

    D.    <u>The Breach of Duty of Loyalty (Sixth Cause of Action) and Aiding and Abetting Breach of Duty of Loyalty (Seventh Cause of Action) Claims Fail</u> ..................... - 11 -

**V. CONCLUSION** ............................................................................................................. - 14 -

# **TABLE OF AUTHORITIES**

**Cases**

*AirDefense, Inc. v. AirTight Networks, Inc.*, 2006 U.S. Dist. LEXIS 55364 (N.D. Cal. July 26, 2006) .................................................................................................................................. - 11 -

*Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451 (2014) ......................... - 4 -

*Anderson v. Google Inc.*, 2013 U.S. Dist. LEXIS 80573 (N.D. Cal. June 6, 2013) ..................... - 11 -

*Anokiwave, Inc. v. Rebeiz*, 2018 U.S.Dist.LEXIS 158346  (S.D.Cal. Sep. 17, 2018.) ................ - 11 -

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994) .............................. - 9 -

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... - 3 -

*ATS Products, Inc. v. Champion Fiberglass, Inc.*, No. 13-cv-02403-SI, 2015 U.S. Dist. LEXIS 5106 (N.D. Cal. Jan. 15, 2015) .................................................................................................- 10 -

*Bay Area Surgical Mgmt. LLC v. Aetna Life Ins. Co.*, 166 F. Supp. 3rd 988 (N.D. Cal. 2015) ..... - 6 -

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... - 3 -

*Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926 (1994) ........................................................... - 5 -

*Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138 (2005) .................................................. - 6 -

*Cave v. Consulting Grp., Inc. v. Truven Health Analytica Inc.*, 2017 U.S. Dist. LEXIS 62109, 2017 WL 1436044 (N.D. Cal Apr. 24, 2017) ............................................................................. - 7 -

*Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025 (N.D. Cal. 2005) .............................. - 10 -

*Enreach Tech., Inc. v. Embedded Internet Solutions* 403 F.Supp.2nd 968 (N.D. Cal. 2005) ........ - 13 -

*Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, 2013 U.S.Dist.LEXIS 104606 (E.D.Cal. July 23, 2013) .................................................................................................................................. - 11 -

*Forcier v. Microsoft Corp.*, 123 F. Supp. 2nd 520 (N.D. Cal. 2000) ............................................ - 5 -

*GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal. App. 4th  409 (2000) ... - 13 -

*Hydrogen Master Rights, Ltd v. Weston*, 228 F.Supp. 3rd 320 (D. Del. 2017). ............................ - 8 -

*In re Brocade Communs. Sys. Derivative Litig.* 615 F.Supp.2nd  1018 (N.D.Cal. 2009) ............. - 13 -

*K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939 (2009) ............................................................................................................................................ passim

*Knoell v. Petrovich,* 76 Cal. App. 4th 164 (1999) ......................................................................... - 4 -

*Masoud v. Suliman*, 816 F.Supp.2nd 77 (D.D.C. 2011) .............................................................. - 11 -

*Mattel, Inc. v. MGA Ent'ment, Inc.*, 2011 WL 8427611 (C.D. Cal. March 28, 2011) ................. - 15 -

*Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2nd 911, (C.D. Cal. 2011) ......................... - 4 -, - 13 -

*Nelson Bros. Proof's Real Estate LLC v. Jaussi*, 2017 U.S. Dist. LEXIS 219769 (C.D. Cal. Mar. 23, 2017) .................................................................................................................................... - 9 -

*Papasan v. Allain*, 478 U.S. 265 (1986) ....................................................................................... - 8 -

*Patriot Sci. Corp. v. Korodi*, 504 F.Supp.2nd 952 (S.D. Cal. 2007) ........................................... - 13 -

ii

DEFS XANTHE LAM AND ALLEN LAM'S MOTIONS TO DISMISS
Case No. 3:18-cv-06585-WHA

*Physician's Surrogacy, Inc. v. German*, 2018 U.S. Dist. LEXIS 16261, 2018 WL 638229 (S.D. Cal. Jan. 31, 2018) ................................................................................................................ - 8 -

*Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26 (1998) .................................................. - 6 -

*Rambus Inc. v. Samsung Elecs. Co.*, 2007 WL 39374 (N.D. Cal. Jan. 4, 2007) ............................. - 5 -

*Rita Med. Sys. v. Resect Med., Inc.*, 2007 U.S. Dist. LEXIS 7810 (N.D. Cal. Jan. 2, 2007) ........ - 13 -

*Steves & Sons v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835 (E.D. Va. 2017) .................................. - 10 -

*SunPower Corp. v. SolarCity Corp.*, 2012 U.S. Dist. LEXIS 176284, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ................................................................................................................... - 8 -

*Super Chefs, Inc. v. Second Bite Foods, Inc.*, 2015 U.S. Dist. LEXIS 189789 (C.D. Cal 2015). - 11 -

*Trembath v. Digardi*, 43 Cal. App. 3rd 834 (1974) ........................................................................ - 5 -

*Unruh v. Truck Ins. Exch*, 7 Cal.3rd 616 (1972) ............................................................................ - 9 -

*Wang v. Golf Tailor, LLC*, 2017 U.S. Dist. LEXIS 103654, 2017 WL 2861111 (N.D. Cal. July 5, 2017) .......................................................................................................................................... - 7 -

*Waymo, LLC v. Uber Techs, Inc.*, 256 F.Supp.3rd 1059 (N.D. Cal. 2017) .................................... - 8 -

**Statutes**

18 U.S.C § 1832 ................................................................................................................. - 10 -, - 11 -

18 U.S.C. § 1836 ...................................................................................................... - 6 -, - 7 -, - 10 -

18 U.S.C. § 1839 .................................................................................................................. - 6 -, - 7 -

California Civil Code § 3426.1 .................................................................................................... - 12 -

California Code of Civil Procedure § 339(1) ................................................................................. - 4 -

California Labor Code § 2863 ..................................................................................................... - 14 -

California Uniform Trade Secrets Act ..................................................................................... passim

California. Civil Code §3426 ................................................................... - 2 -, - 8 -, - 12 -, - 14 -

Defend Trade Secrets Act ........................................................................................................ passim

**Rules**

Federal Rule of Civil Procedure 12 (b)(6) ..................................................................................... - 3 -

Federal Rule of Civil Procedure 8 .................................................................................................. - 3 -

# MEMORANDUM AND POINTS OF AUTHORITIES

## I.     INTRODUCTION

This action arises out of Plaintiff Genentech, Inc.'s ("Genentech") allegations that Defendants Xanthe Lam and her husband Allen Lam (collectively "Lam Defendants") stole trade secrets belonging to Genentech, Inc.  The Complaint sets forth seven causes of action against Xanthe Lam for misappropriation of trade secrets (first and second causes of action), conspiracy to misappropriate trade secrets (third cause of action), breach of contract (fourth cause of action), breach of duty of loyalty (sixth cause of action), conspiracy to violate the Computer Fraud and Abuse Act (ninth cause of action), and violation of the Computer Data Access and Fraud Act (tenth cause of action).  In addition to the misappropriation and conspiracy to misappropriate trade secrets, Genentech has alleged two causes of action for intentional interference with contractual relations (fifth cause of action) and aiding and abetting breach of duty of loyalty (seventh cause of action) against Allen Lam.

Genentech has failed to plead the first cause of action for trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA") against Defendant Allen Lam as the DTSA cannot be retroactively applied to the alleged acts committed by Allen Lam prior to the enactment of the DTSA.  The fifth, sixth, and seventh causes of action are barred by their two-year statutes of limitations and further superseded by the California Uniform Trade Secrets Act (Cal. Civ. Code §3426).  As for the third cause of action for conspiracy to misappropriate trade secrets, to the extent based on California law, it is also preempted by the California Trade Secrets Act and to the extent based on federal law, the federal statute does not permit a private claim for civil conspiracy.  Finally, if they were not stale, the sixth and seventh causes of action for breach of duty of loyalty and aiding and abetting that breach further fails in that as an employee, Xanthe Lam did not owe a fiduciary duty of loyalty to Genentech.

## II.    STATEMENT OF FACTS

Defendant Xanthe Lam worked for Genentech from 1986 until October 2017. (Complaint, ¶¶ 48, 51.) She allegedly downloaded Genentech documents to her work laptop in May 2013 (*id.* ¶

- 1 -

DEFS XANTHE LAM AND ALLEN LAM'S MOTIONS TO DISMISS
Case No. 3:18-cv-06585-WHA

127), then traveled to JHL's lab in Taiwan in December 2013, taking her work laptop with her. (*Id.* ¶¶ 27, 127-28.) Xanthe allegedly helped Defendant John Chan obtain employment at JHL in 2014 (*Id*. at ¶¶ 161-165.) Xanthe purportedly "funneled Genentech trade secret information to Mr. Chan during regular Skype calls." (*Id.* ¶¶ 31, 69, 165 and 166). On September 29, 2014, Xanthe Lam purportedly sent a technical report to her husband with the instruction to make a copy "for John." (*Id.* ¶¶ 168-170.) Xanthe "coached" Mr. Chan in his role as a JHL scientist (*Id*. ¶ 254.)  the Complaint further alleges that Xanthe assisted James Quach in obtaining unauthorized access to download Genentech's highly sensitive manufacturing protocols and procedures. (*Id*. ¶¶ 194-199.)

Despite alleging that it became aware of certain of Xanthe's alleged misconduct on October 11, 2016 (*id.* ¶ 244), Genentech did not fire Xanthe until one year later on October 13, 2017 (*id.* ¶¶ 51, 255) and waited one more year, until October 29, 2018, to file this lawsuit.

Xanthe Lam's husband, Allen Lam, worked for Genentech from 1989 until 1998. (*Id.* ¶ 54). He allegedly served as a consultant for JHL from 2013 through the fall of 2015, and then again from July through September 2017. (*Id.* ¶¶ 54, 53.)  Mr. Lam is alleged to have received confidential Genentech documents from his wife or disclosed them on September 29, 2014 (*Id.* ¶¶ 168-170) and April 23, 2015 (*Id*. ¶ 175.)

## III. LEGAL STANDARD

Federal Rules of Civil Procedure 12(b)(6) authorizes dismissal of a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6).  Rule 8 governs the pleading standard and requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 555-56; *Iqbal*, 556 U.S. at 663.  The plausibility determination "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678 (internal citations omitted).  The court need not accept as true

- 2 -

"threadbare recitals of a cause of action's elements, supported by mere conclusory statements" in considering a motion to dismiss. *Id*. at 663.  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id*. at 678.

Under this standard, Genentech failed to allege facts that plausibly support a claim: (1) for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA") (first cause of action) against Defendant Allen Lam; (2) for conspiracy to misappropriate trade secrets (third cause of action) against Defendants Xanthe and Allen Lam; (3) intentional interference with contractual relations (fifth cause of action against Defendant Allen Lam; (4) breach of duty of loyalty (sixth cause of action) against Defendant Xanthe Lam; (5) aiding and abetting breach of loyalty (seventh cause of action) against Defendant Allen Lam; and (6) conspiracy to violate the Computer Fraud and Abuse Act (ninth cause of action) against Defendant Xanthe Lam.

## IV. ARGUMENT

### A. The Fifth, Sixth, and Seventh Causes of Action are Barred by the Statute of Limitations

Under California Code of Civil Procedure § 339(1), an "action upon a contract, obligation or liability not founded upon an instrument of writing" has a two-year statute of limitations.  Cal. Code Civ. Proc. § 339(1).  Therefore, the statute of limitations for intentional interference with contractual relations is two years. *Knoell v. Petrovich,* 76 Cal. App. 4th 164, 168 (1999), citing Cal. Civ. Proc. Code § 339.  Similarly, the statute of limitations for breach of duty of loyalty and aiding and abetting a breach of duty of loyalty is two years.  See *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2nd 911, 1001 (C.D. Cal. 2011) (claim for aiding and abetting breach of duty of loyalty "must have been brought within two years of the alleged wrongdoing"); s*ee also Am. Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1479 (2014) (statute of limitations for aiding and abetting a tort is the same as the statute of limitations for the underlying tort).  All three causes of actions accrue on the date of the alleged wrongdoing. *Trembath v. Digardi*, 43 Cal. App. 3rd 834 at 836 (1974); *Forcier v. Microsoft Corp.*, 123 F. Supp. 2nd 520, 530 (N.D. Cal. 2000); *Mattel*, 782 F. Supp. 2d at 1001.

For its intentional interference with contractual relations claim, Genentech alleges wrongdoing by Allen Lam "by inducing Xanthe to engage in employment and/or other activity with Genentech competitor JHL, thereby breaching her Proprietary Information Agreement with Genentech." (Complaint, p. 65, ¶ 308.) Genentech alleges that it discovered the breach by Ms. Lam that Allen Lam allegedly induced on October 11, 2016 (*id.* ¶¶244, 296), from which it can reasonably be inferred that Ms. Lam's alleged breach and Allen Lam's alleged inducement of such breach occurred before October 11, 2016.  Yet, Genentech did not file this lawsuit until October 29, 2018, more than two years later.  The same allegations form the basis for breach of a duty of loyalty claim against Ms. Lam (*id.* ¶314) and the aiding and abetting the duty of duty of loyalty claim against JHL (*id.* ¶321).  The two-year statutes of limitations bar both claims.

Neither the discovery rule nor any equitable tolling changes the result.  At the very latest, the statutes for such conduct began to accrue no later than the date that Genentech alleges that it was put on notice regarding Ms. Lam's prior alleged misconduct—October 11, 2016.  (Complaint, p. 55, ¶ 244 (Genentech concedes that it "first received notice of the allegations described herein on or about October 11, 2016").  Hence, both claims subject to the two-year statutes of limitations lapsed on October 11, 2018, weeks before Genentech filed this lawsuit.  *Forcier*, 123 F. Supp. 2nd at 530 (even if discovery rule applies, accrual of certain causes of action is only postponed until the plaintiff discovers, or has reason to discover, the claim); s*ee also Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 936 (1994) (equitable tolling lasts only for that period during which the claim was undiscovered or until such time as it should have been discovered by the exercise of reasonable diligence); *Rambus Inc. v. Samsung Elecs. Co.*, No. C05-00334 RMW, 2007 WL 39374, at *7 (N.D. Cal. Jan. 4, 2007) ("Like the discovery rule, the doctrine of fraudulent concealment does not come into play, whatever lengths to which a defendant has gone to conceal the wrongs, if a plaintiff is on notice of a potential claim.").

Although there are allegations of misconduct by Ms. Lam after October 11, 2016—that is, the allegations of facilitating Mr. Quach's misconduct in July 2017—Genentech does not appear to base the two claims for intentional interference and aiding and abetting against Allen Lam on such conduct or fails to plead as much.  (*See* Complaint ¶¶ 302-311; 317-324.)  In addition, Genentech

- 4 -

does not plead that claim six for breach of duty of loyalty against Xanthe Lam is based on such conduct.  With respect to any intentional interference with contractual relations claim based on the July 2017 conduct, Genentech does not allege any "intentional acts [by Allen Lam] designed to induce a breach or disruption of the contractual relationship"—a required element for the claim. *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998); *Pac. Gas & Elec. Co. v. Bear Stearns & Co.,* 50 Cal. 3d 1118, 1126 (1990); *Bay Area Surgical Mgmt. LLC v. Aetna Life Ins. Co.*, 166 F. Supp. 3rd 988, 998 (N.D. Cal. 2015).  Similarly, for breach of duty of loyalty and aiding and abetting breach of duty of loyalty theories to be based on July 2017 conduct, Genentech would need to allege the required element of acts by Xanthe Lam to breach her duty of loyalty and acts by Allen Lam comprising "substantial assistance or encouragement to" Ms. Lam to breach her duty of loyalty in July 2017.  *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005).  Such allegations are entirely absent, so the 2017 acts cannot revive claims five, six and seven.

Genentech did not file this lawsuit until October 29, 2018, after the two- year statute of limitations ran.  For this reason alone, its claims for Intentional Interference with Contractual Relations, Breach of Duty of Loyalty, and Aiding and Abetting Breach of Duty of Loyalty must be dismissed as a matter of law.

B.  The First Cause of Action Against Allen Lam Fails as the DTSA Cannot Be Retroactively Applied to Alleged Acts Occurring Prior to the Enactment of the DTSA

The DTSA states that "[t]he amendments made by this section shall apply with respect to any misappropriation of a trade secret for which any act occurs on or after the date of the enactment of this Act."  18 U.S.C. § 1836(2)(e).  The date of enactment of the DTSA was May 11, 2016:

> Amendment by Pub. L. 114-153 applicable with respect to any misappropriation of a trade secret (as defined in section 1839 if this title) for which any act occurs on or after May 11, 2016, see section 2(e) of Pub. L. 114-153, set out as a note under section 1833 of this title.

18 U.S.C. § 1836, "Effective Date of New Amendment".

Therefore, the DTSA only provides a cause of action for acts that occurred on or after the date of enactment. *See Cave v. Consulting Grp., Inc. v. Truven Health Analytica Inc*., No. 5-CV-

- 5 -

DEFS XANTHE LAM AND ALLEN LAM'S MOTIONS TO DISMISS
Case No. 3:18-cv-06585-WHA

02177-SI, 2017 U.S. Dist. LEXIS 62109, 2017 WL 1436044, at *3 (N.D. Cal Apr. 24, 2017) (citing 18 U.S.C. § 1836(b)(1)); *Wang v. Golf Tailor, LLC*, No. 17-CV-00898-LB, 2017 U.S. Dist. LEXIS 103654, 2017 WL 2861111, at *4 (N.D. Cal. July 5, 2017). "Misappropriation" includes both the "acquisition of a trade secret" "by a person who knows or has reason to know that the trade secret was acquired by improper means" and "disclosure or use of a trade secret . . . without express or implied consent by a person who [] used improper means to acquire knowledge of the trade secret, or "knew or had reason to know that the knowledge" was gained through a person who had improperly acquired it or owed a duty to maintain its secrecy. *See* 18 U.S.C. § 1839(5).  In sum, the DTSA "contemplates three theories of liability: (1) acquisition, (2) disclosure, or (3) use." *Cave v. Consulting Grp., Inc. v. Truven Health Analytica Inc.*, *supra,* No. 5-CV-02177-SI, 2017 U.S. Dist. LEXIS 62109, 2017 WL 1436044, at *4; 18 U.S.C. 1839(5)

The DTSA claim in the first cause of action against Defendant Allen Lam should be dismissed because it is predicated upon alleged misappropriation of Genentech's trade secrets that occurred prior to the May 11, 2016 effective date of the DTSA.  (*See* Complaint at ¶¶ 31, 53, 168, 169, 170, 175.)  Plaintiff does not allege that Defendant Allen Lam was involved in any acquisition, disclosure or use of purported trade secrets *after* the enactment of the DTSA, except to make a vague conclusory allegation that "Each Defendant committed acts in furtherance of their misappropriation on or after May 11, 2016."  (Complaint ¶ 265.)

None of the acts alleged in the Complaint were committed by Allen Lam after May 11, 2016.  The only acquisition or disclosure of purported trade secrets committed by Allen Lam allegedly occurred on September 29, 2014 (Complaint ¶¶168-170) and April 23, 2015 (Complaint ¶ 175.)   Plaintiff does not factually allege that Allen Lam acquired, disclosed, or used trade secrets after the enactment date.

Should Plaintiff attempt to cast a veneer on its DTSA claim against Allen Lam as "continuing" or "ongoing" conduct, its Complaint lacks anything but conclusory allegations that "Each Defendant committed acts in furtherance of their misappropriation on or after May 11, 2016." This allegation is a "legal conclusion couched as a factual allegation" that does not meet Plaintiff's burden of pleading.  *Papasan v. Allain*, 478 U.S. 265 (1986).  To state a claim under the

- 6 -

DTSA, Plaintiff must "more specifically connect allegations of misappropriation to specific Defendants' actions." *Physician's Surrogacy, Inc. v. German*, No. 17cv718-MMA(WVG), 2018 U.S. Dist. LEXIS 16261 *28, 2018 WL 638229 (S.D. Cal. Jan. 31, 2018). When a complaint does not allege any acts after May 11, 2016 other than a conclusory allegation of continuing misappropriation, the DTSA claim should dismissed be dismissed for failure to state a claim. *Hydrogen Master Rights, Ltd v. Weston*, 228 F.Supp. 3rd 320, 338 (D. Del. 2017).

### C. Plaintiff Cannot State A Viable Cause of Action for Conspiracy (Third Cause of Action) and Intentional Interference (Fifth Cause of Action)

#### 1. Plaintiff's Third and Fifth Causes of Action Are Preempted by the California Uniform Trade Secrets Act

The California Uniform Trade Secrets Act ("CUTSA") "preempt[s] claims based on the same nucleus of facts as trade secret misappropriation." *See K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc*., 171 Cal. App. 4th 939, 962 (2009) (citing Cal. Civ. Code § 3426.7(b)).

"[T]he nucleus of facts test does not focus on whether a non-CUTSA claim requires the pleading of different elements than the CUTSA claim, but rather whether there is a material distinction between the wrongdoing alleged in a CUTSA claim and that alleged in the non-CUTSA claim." *SunPower Corp. v. SolarCity Corp*., No. 12-CV-00694-LHK, 2012 U.S. Dist. LEXIS 176284, 2012 WL 6160472, at *12 (N.D. Cal. Dec. 11, 2012) (internal quotation, citation, and alterations omitted). At the pleadings stage, the supersession analysis asks whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action. *Waymo, LLC v. Uber Techs, Inc*., 256 F.Supp.3rd 1059, 1062 (N.D. Cal. 2017).

Here, Genentech's conspiracy claims under CUTSA (third cause of action against all defendants) and the Intentional Interference with Contractual Relations (fifth cause of action against Allen Lam) are based on the "same nucleus of facts" as its CUTSA claims of an alleged misappropriation of trade secrets, and therefore must be dismissed as preempted by CUTSA. Civil Code sections 3426, *et seq*.

a. Plaintiff's Conspiracy to Misappropriate Trade Secrets is Superseded by CUTSA

Civil conspiracy is "not a cause of action but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994). To plead a cause of action for conspiracy, the complaint must allege facts showing; (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damages resulting therefrom. *Unruh v. Truck Ins. Exch*, 7 Cal.3rd 616, 631 (1972).

To the extent Plaintiff relies on California law, the conspiracy claim arises from the same nucleus of facts as its misappropriation of trade secrets claims in violation of CUTSA. Although labelled differently, the conspiracy claims under California law arise from the identical nucleus of facts as the misappropriation claims and therefore is superseded by CUTSA (Complaint, p. 62, ¶¶ 282-287); *Nelson Bros. Proof's Real Estate LLC v. Jaussi*, No. SA CV 17-0158-DOC (JCGx)) 2017 U.S. Dist. LEXIS 219769, at *21 (C.D. Cal. Mar. 23, 2017) (dismissing conspiracy claims based on conclusory allegation that were not materially different from Plaintiff's misappropriation of trade secrets claim as preempted by CUTSA.)

Here, Genentech alleges that the co-conspirator Defendants were "aware that Xanthe planned to misappropriate Genentech's trade secret for his or its benefit, agreed with and encouraged this plan, and intended that it be carried out." (Complaint, p. 62, ¶ 285). This conspiracy allegation is not materially different from Genentech's misappropriation of trade secrets claim that: "Defendants acquired Genentech's confidential, proprietary and trade secret information from and through Xanthe, and knew or had reason to know that the information as acquired by improper means. Defendants misappropriated Genentech's confidential, proprietary and trade secret information for their own benefit in the improper and unlawful manner alleged herein." (Complaint, p. 61, ¶¶275-276.) Courts have consistently held that the CUTSA "preempts common law claims that are 'based on the same nucleus of facts as the misappropriation of trade secrets claim for relief.'" *K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, *supra,* 171 Cal. App. 4th at 958 (quoting *Digital Envoy, Inc. v. Google, Inc*., 370 F. Supp. 2d 1025, 1035

- 8 -

(N.D. Cal. 2005) (holding CUTSA preempted claims for unfair competition and unjust enrichment).

Accordingly, the third cause of action for conspiracy is preempted by CUTSA and should be dismissed.

### b.  To the Extent Based on Federal Law, There Is No Private Right of Action for Conspiracy Under the DTSA

Genentech's third cause of action attempts to assert a claim for conspiracy under 18 U.S.C. § 1836, *et seq*.  (Complaint, p. 62.)  However, the DTSA, which provides a limited right to bring private civil actions for limited purposes, does not permit a private party to seek relief under a "conspiracy" theory.  *Steves & Sons v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835, 843 (E.D. Va. 2017).  Thus, while the criminal provisions under section 1832 of the DTSA makes it a federal crime to "conspire[] with one or more other persons to commit any offense described in paragraphs (1) through (30), and one or more of such persons do any act to effect the object of the conspiracy," there is no private claim for conspiracy to misappropriate under section 1836.  *Compare* 18 U.S.C § 1832(a)(5) to § 1836(b).  Section 1836(b)(1) provides that "[a]n owner of a trade secret that is misappropriated may bring a civil action *under this subsection* if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1) (emphasis added).  "In a civil action brought *under this subsection* with respect to the misappropriation of a trade secret, the court may award "damages for actual loss caused by the misappropriation of the trade secret" and "damages for any unjust enrichment caused by the misappropriation." 18 U.S.C. § 1836(b)(3(B) (emphasis added).  In other words, by specifically creating a private claim for misappropriation but not for conspiracy to misappropriate, Congress did not authorize a private claim for conspiracy.  *Steves*, 271 F. Supp. 3d at 843 (E.D. Va. 2017); *ATS Products, Inc. v. Champion Fiberglass, Inc.*, No. 13-cv-02403-SI, 2015 U.S. Dist. LEXIS 5106, *5 (N.D. Cal. Jan. 15, 2015) (dismissing conspiracy to misappropriate trade secret claim under federal law because "plaintiff does not have standing to prosecute a violation of the criminal statutes…").

As a result, courts have consistently, and uniformly dismissed actions brought by private parties under Section 1832.  *Steves*, 271 F. Supp. 3rd at 843; *ATS Products, Inc.* No. 13-cv-02403-SI,

- 9 -

2015 U.S. Dist. LEXIS 5106, *5 (N.D. Cal. Jan. 15, 2015); *see also Super Chefs, Inc. v. Second Bite Foods, Inc.*, No. CV 15-00525-SJO, 2015 U.S. Dist. LEXIS 189789, *10 (C.D. Cal 2015)("A private cause of action invoking 18 U.S.C. § 1832 fails as a matter of law since it invokes a criminal statute without a private right of action."); *Anderson v. Google Inc.*, No. 12-cv-06573 JST, 2013 U.S. Dist. LEXIS 80573, *4 (N.D. Cal. June 6, 2013) (same); *Masoud v. Suliman*, 816 F.Supp.2nd 77, 80 (D.D.C. 2011) ("These criminal statutes [including § 1832], however, do not and cannot provide the basis for the plaintiffs civil causes of action."  The Lam Defendants are aware of no contrary authority.

### 2. *Plaintiff's Fifth Cause of Action for Intentional Interference with Contractual Relations against Allen Lam is Preempted by CUTSA*

Genentech alleges that Defendant Allen Lam intentionally interfered with Xanthe Lam's contractual obligations under her Proprietary Information Agreement with Genentech.  (Complaint, p.65, ¶308.)  Genentech's allegations that Defendants, including Allen Lam, intentionally induced Xanthe to breach her Proprietary Information Agreement by misappropriating Genentech's trade secret information merely restates Plaintiff's misappropriation allegation that Defendant Allen Lam "acquired Genentech's confidential, proprietary and trade secret information from or through Xanthe, and knew or had reason to know that the information was acquired by improper means." (Complaint, p. 61, ¶ 275.)

Like its conspiracy claim, the fifth cause of action for intentional interference with contract rests on the same legal and factual basis as its trade secret misappropriation claim under CUTSA. *Farmers Ins. Exch. v. Steele Ins. Agency, Inc*., No. 2:13-cv-00784-MCE-DAD, 2013 U.S.Dist.LEXIS 104606, at *25 (E.D.Cal. July 23, 2013) (dismissing intentional interference with contractual relations claims as preempted by CUTSA where allegations did little more than restate Plaintiffs' claim for trade secret misappropriation); *see also Anokiwave, Inc. v. Rebeiz*, No. 18-CV-629 JLS (MDD) 2018 U.S.Dist.LEXIS 158346, at *15-17 (S.D.Cal. Sep. 17, 2018.)

The court in *AirDefense, Inc. v. AirTight Networks, Inc*., No. C 05-4615JF, 2006 U.S. Dist. LEXIS 55364, *15 (N.D. Cal. July 26, 2006) also analyzed a claim of intentional interference with contractual relations and determined that CUTSA expressly preempts the claim.  In so holding, the

1  court simply referenced the definitions in CUTSA. *Id.*  Misappropriation of a trade secret means
2  disclosure of a trade secret by a person who "[u]sed improper means" to acquire knowledge of the
3  trade secret. Cal. Civ. Code § 3426.1(b). "'Improper means" includes . . . breach or inducement of a
4  breach of a duty to maintain secrecy, or espionage through electronic or other means.'" *AirDefense*,
5  2006 U.S. Dist. LEXIS 55364 at *5 quoting Cal. Civ. Code § 3426.1(a). Because the allegation
6  was that the defendant engaged in intentional acts designed to induce a breach of the contractual
7  relationship, the claim was preempted, and the court dismissed the claim. *Id*.

8        Similarly, in *K.C. Multimedia, Inc.*, the court found an intentional interference claim
9  preempted when it alleged that respondents "engaged in intentional acts designed to induce a
10 breach or disruption of plaintiff's contractual relationship" by "helping" and "encouraging" him "to
11 misappropriate" trade secrets and then "luring" him to become their employee. *K.C. Multimedia,*
12 *Inc.*, 171 Cal. App. 4th at 960.  The court concluded this claim legally fell within the statutory
13 definition of "improper means" and was therefore preempted. *Id*. at 961 (citing Cal. Civ. Code §
14 3426.1(a)).

15       Here, Genentech's intentional interference claim against Allen Lam is based allegedly on
16 "inducing Xanthe to engage in the employment and/or other activity with Genentech competitor
17 JHL, thereby breaching her Proprietary Information Agreement with Genentech."  (Complaint, p.
18 65, ¶308.)  This is almost identical to the allegation in *K.C. Multimedia, Inc.* and falls within the
19 legal definition of "improper means." Cal. Civ. Code § 3426.1(a). Because the alleged conduct
20 derives from "the same nucleus of facts" as the trade secret claim, it is therefore preempted.
21 Consequently, the Court should dismiss the fifth cause of action.

22     D.    <u>The Breach of Duty of Loyalty (Sixth Cause of Action) and Aiding and Abetting
23           Breach of Duty of Loyalty (Seventh Cause of Action) Claims Fail</u>

24       To the extent, the Court does not dismiss the sixth and seventh causes of action as time
25 barred, the Court should dismiss these claims because Defendant Xanthe Lam did not owe a
26 fiduciary duty to Genentech and any claim for breach of duty of loyalty is superseded by CUTSA.

27
28

### 1. *Xanthe Lam Did Not Owe a Fiduciary Duty to Genentech*

The sixth cause of action alleges that Xanthe Lam breached a duty of loyalty to Genentech. (Complaint, p. 65-66, ¶312-316.) However, under California law, there is no such cause of action for breach of duty of loyalty without the existence of a fiduciary relationship. (*Mattel, Inc. v. MGA Entertainment, Inc.* No. CV 04-9049-DOC, 2011 U.S. Dist. LEXIS 55756, at *14-18 (S.D. Cal. March 28, 2011) ("[i]n California, there is no tort for 'breach of duty of loyalty' that is distinct from the recognized tort of 'breach of fiduciary duty." The fiduciary relationship is a prerequisite to the existence of a duty of loyalty"); *see also In re Brocade Communs. Sys. Derivative Litig*. 615 F.Supp.2nd 1018, 1037 (N.D.Cal. 2009) (breach of duty of loyalty claims are most akin to a breach of fiduciary duty claim).

Under California law, the role of a fiduciary is reserved only for officers of a company who participate in management of the company and have discretionary authority in that managerial capacity. *GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 83 Cal. App. 4th 409, 420-21 (2000) (finding that a regional vice president, who was by his own admission, "at the top of the organizational structure," was a fiduciary of the company); *Enreach Tech., Inc. v. Embedded Internet Solutions* 403 F.Supp.2nd 968, 976 (N.D. Cal. 2005) (finding that a chief software architect who managed a team of twenty software engineers but did not participate in management did not have any fiduciary duty); *see also Rita Med. Sys. v. Resect Med., Inc*., No. C 05-03291-WHA 2007 U.S. Dist. LEXIS 7810, at *15-16 (N.D. Cal. Jan. 2, 2007) (defendant's role as director of product development alone did not create a fiduciary duty because parties agreed that defendant was a member of board of directors or a corporate officer).

Here, Genentech does not and cannot allege that Xanthe Lam was a corporate officer or director. Rather, it alleges that "Under California law, Xanthe Lam owed Genentech a duty of loyalty while she was an employee of the company." (Complaint, p. 66, ¶ 313.) The mere fact that two parties are employer and employee does not create a fiduciary relationship. *Patriot Sci. Corp. v. Korodi*, 504 F.Supp.2nd 952, 966-967 (S.D. Cal. 2007) (granting motion to dismiss for failure to allege any facts that defendants owed a fiduciary duty to plaintiff based merely on the employer-

1  employee relationship).  Xanthe Lam's status as a Genentech employee does not suffice to create a
2  fiduciary duty.
3      Indeed, Genentech's claim that Xanthe Lam owed a duty of loyalty while she was an
4  employee at Genentech cannot be squared with the long-standing definition of employee's duties
5  found in California Labor Code § 2863.  Section 2863 provides:

> An employee who has any business to transact on his own account, similar to that intrusted [sic] to him by his employer, shall always give the preference to the business of the employer.

8  On its face, this statute contemplates that an employee may perform the same kind of work
9  for both his or her employer and others.  All the employee must do is give "preference" to the
10 employer.  A preference gives priority, but it is not an exclusion.  This is the antithesis of the type of
11 duty of loyalty Genentech posits.  It is rather a statement that there is no such duty. Rather, section
12 2863 explicitly recognizes the right of an employee to perform services of the same type as those
13 provided to the employer for others, as long as the employee gives "preference" to the business
14 employee.
15     Accordingly, Genentech's allegations fall far short of establishing any fiduciary relationship
16 between Xanthe Lam and Plaintiff.  The sixth cause of action for breach of duty of loyalty should,
17 therefore, be dismissed.

   *2.   Any Fiduciary Obligation Owed by Xanthe Lam is Superseded by the
18        California Uniform Trade Secrets Act*

19     To the extent the Court finds that Xanthe Lam owed a duty of loyalty to Genentech, that
20 obligation (if any) was limited to maintain the confidentiality of Genentech's trade secrets.  Any
21 claim based upon a breach of that obligation is superseded by CUTSA.  Cal. Civ. Code § 3426.7(b);
22 *see also K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc*., 171 Cal. App. 4th ,
23 supra, at 958 (2009).
24     Thus, even though this cause of action adds the element of breach of loyalty, it is also based
25 on the same nucleus of facts as the misappropriation claim and is preempted.  *PQ Labs, Inc. v. Qi,*
26 No. C 12-0450 CW, 2012 U.S. Dist. LEXIS 79354, at *15.) (N.D. Cal. June 7, 2012).  "A claim
27 that is based on the same nucleus of facts as the trade secret claim cannot escape preemption
28 merely because it alleged new facts, different damages, or a different theory of liability." *Farhang*

*v. Indian Inst. of Tech*., No. C-08-02658 RMW) 2010 U.S. Dist. LEXIS 53975, at *34-35 (N.D.Cal. June 1, 2010) citing *K.C. Multimedia, Inc*., 171 Cal.App.4th at 957-58.  The crux of Genentech's claim is its allegation that Xanthe Lam consulted or otherwise worked for Genentech competitors, including Defendant JHL, for her own personal gain. (Complaint, p. 66, ¶ 314.)  Thus, Plaintiff's claim is arising out of conduct also based on the same nucleus of facts as its trade secrets claim and cannot escape preemption merely because it includes "something more."  *See K.C. Multimedia, Inc*., *supra,* 171 Cal.App.4th at 957-58.

Because the breach of loyalty claim fails, the seventh cause of action for aiding and abetting that breach also fails.  *Mattel, Inc. v. MGA Ent'ment, Inc.*, 2011 WL 8427611, at *3 (C.D. Cal. March 28, 2011) (aiding and abetting claim superseded where underlying breach of duty claim superseded).

## V.     CONCLUSION

For the foregoing reasons, Genentech's claims numbered three against Xanthe Lam and Allen Lam, five against Allen Lam, sixth against Xanthe Lam, and seven against Allen Lam should be dismissed because Genentech fails to state these claims such that relief can be granted.

Dated: January 4, 2019                             Respectfully submitted,

                                                                   LAW OFFICES OF DAVID H. SCHWARTZ, INC.


                                                                   By:   _____ */s/ David H. Schwartz*_____
                                                                              David H. Schwartz
                                                                              Attorney for Defendants
                                                                              Xanthe Lam and Allen Lam