DAVID H. SCHWARTZ (SBN 62693)
NANCY CHUNG (SBN 225584)
LAW OFFICES OF DAVID H. SCHWARTZ, INC.
423 Washington Street, Sixth Floor
San Francisco, CA 94111
Tel: (415) 399-9301
Fax: (415) 399-9878
E-mail: dhs@lodhs.com; nchung@lodhs.com

Attorneys for Defendants Xanthe Lam and Allen Lam

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GENENTECH, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50,<br><br>            Defendants | CASE NO.: 3:18-cv-06582-WHA<br><br>**DEFENDANTS XANTHE LAM AND ALLEN LAM'S REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**<br><br>Date:         February 14, 2019<br>Time:        8:00 a.m.<br>Courtroom: 12, 19th floor<br>Judge:       Hon. William H. Alsup |

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I.    INTRODUCTION**

Genentech's Consolidated Opposition to Defendants' Motion to Dismiss ("Opposition") fails to cure substantive deficiencies in their claims against Defendants Xanthe Lam and Allen Lam (collectively "Lam Defendants"). Genentech argues that Defendant Allen Lam is liable under the federal Defend Trade Secrets Act ("DTSA") because the misappropriation continued after the statute was enacted, but neither the law cited by Genentech nor the allegations in the complaint support such argument.  Genentech concedes that the breach of duty of loyalty claim against Xanthe Lam is stale, yet attempts to argue that the aiding and abetting breach of duty of loyalty claim can survive based on the so-called discovery rule, but then fails to show how the discovery rule excuses it delay in filing suit.   Genentech fails to show how the facts underlying the common law claims (causes of action three, five, and seven) are sufficiently different from the California trade secret misappropriation claims to avoid preemption. Finally, Genentech fails to cite any authority permitting a civil conspiracy theory under applicable federal statutes.

**II.   ARGUMENT**

   A.   <u>Genentech Cannot Save Its First Cause of Action Against Allen Lam by Arguing Continued Use Beyond the Enactment of the DTSA</u>

In its Opposition, Genentech argues the "continued use of a trade secret that was originally acquired before the DTSA's effective date is actionable."  (Opposition at p. 19).  Specifically, Genentech contends that it adequately pled Allen Lam's continued use of Genentech's trade secret after the May 11, 2016 enactment date and that he engaged in a conspiracy to violate the DTSA and, therefore, any acts alleged after that date apply to each Defendant, including Allen Lam.  However, neither the cases cited by Genentech nor the allegations in its complaint support this argument.

Genentech cites *Cave Consulting Grp., Inc. v. Truven Health Analytics, Inc.*, No. 15-cv-02177-SI, 2017 WL 1436044 at *4; 2017 U.S. Dist. LEXIS 62109, at *13 (N.D. Cal. Apr. 24, 2017) for the proposition that Courts have "held that continued use of a trade secret that was originally acquired before DTSA's effective date is actionable." (Opposition at p. 19.)  However, the Court in *Cave Consulting Grp.* dismissed the DTSA claims for failure to allege specific "facts about when

post-enactment use occurred and whether the information disclosed was new or somehow different from the prior [pre-enactment] misappropriation." *Cave Consulting Grp., Inc. v. Truven Health Analytics, Inc*., No. 15-cv-02177-SI, 2017 U.S. Dist. LEXIS 62109, at *13 (N.D. Cal. Apr. 24, 2017).

Similarly, Genentech has failed to allege that Allen Lam was involved in any post-enactment use of the purported trade secrets and whether the information disclosed by Allen was new or different from the pre-enactment misappropriation.  None of the acts alleged in the Complaint were committed by Allen Lam after May 11, 2016.  The only acquisition or disclosure of purported trade secrets committed by Allen Lam allegedly occurred on September 29, 2014 (Complaint ¶¶168-170) and April 23, 2015 (Complaint ¶ 175.)   Genentech does not allege that Allen Lam was involved in any acquisition, disclosure or use of purported trade secrets *after* the enactment of the DTSA, except to make a vague conclusory allegation that "Each Defendant committed acts in furtherance of their misappropriation on or after May 11, 2016."  (Complaint ¶ 265.)

Despite Genentech's claim that it is sufficient to allege use of its trade secrets beyond the DTSA enactment date, Courts have routinely dismissed DTSA claims that do not specifically allege post-enactment use and disclosure of *new* protected information that is different from information allegedly misappropriated pre-enactment.  For example, in *Avago Techs, U.S. Inc. v. Nanoprecision Prods., Inc*., No. Case No. 16-cv-03737-JCS, 2017 U.S. Dist. LEXIS 13484, at *28 (N.D. Cal. Jan 31, 2017), the Court found no "authority suggesting that the DTSA allows a misappropriation claim to be asserted based on *the continued use of information that was disclosed prior to the effective date of the statute*."  (Emphasis added.) In *Space Data Corp. v. X,* No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 109842, at *7 (N.D. Cal. July 14, 2017), the Court found that plaintiff failed to allege a continuing-use theory when the information was disclosed *prior to the DTSA* and failed to allege any new post-enactment misappropriation.  In both *Avago* and *Space Data Corp*, as in this present case against Allen Lam, the alleged acts of misappropriation began before the DTSA enactment with ongoing use afterward, and the same DTSA claims were dismissed in both cases as not within the operation of the statute.  In fact, DTSA claims alleging continuing use have only survived motions to dismiss when they included specific allegations naming particular actors and post-enactment

- 2 -

conduct. *See, e.g., Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121 at *10-11 (N.D. Cal. May 21, 2018).

Accordingly, the conclusory allegation of "JHL's continued use of the Genentech trade secrets that the defendants helped steal for JHL's benefit" is insufficient. (Opposition at p. 19.) Genentech alleges no facts establishing that Allen's post-enactment use and disclosure of new protected information was different from the information allegedly misappropriated pre-enactment or that Allen played any part in any post-DTSA misuse. The DTSA claim against Allen Lam should, therefore, be dismissed because the federal statute does not have retroactive effect for the continued use of the same misappropriated information before DTSA was enacted. *See Physician's Surrogacy, Inc. v. German*, No. 17cv718-MMA, 2018 U.S. Dist. LEXIS 16261, at *27-28 (S.D. Cal. Jan. 31, 2018) (court dismissed DTSA claim finding Plaintiff failed to factually allege that any specific Defendant used or disclosed trade secrets after the enactment date); *Sonoma Pharms v. Collidion, Inc.*, 2018 WL 3398940, at *2 (N.D. Cal. June 1, 2018); *Cave Consulting*, 2017 U.S. Dist. LEXIS 62109, at *13.

### B. Genentech's Breach of Duty of Loyalty (Sixth Cause of Action) and Aiding and Abetting Breach of Duty of Loyalty (Seventh Cause of Action) Fail

#### 1. *The Breach of Duty of Loyalty Claim is Untimely*

Genentech effectively concedes that its sixth cause of action for breach of duty of loyalty against Xanthe is time barred. Nowhere in its Opposition does Genentech put forth an argument that its sixth cause of action is timely, nor could it. Genentech knew Xanthe was consulting for AP Biosciences ("APBio") on or about October 11, 2016. (Opposition at p. 28-29; Complaint ¶¶ 244-245.) The Complaint alleges that Xanthe breached her duty of loyalty to Genentech when she consulted for various companies including APBio. (Complaint at ¶¶ 314-315.) Genentech makes no argument in its Opposition as to why it failed to file its Breach of Duty of Loyalty Claim against Xanthe within two years of discovering Xanthe's alleged misconduct. Instead, Genentech argues only that Claims 5 and 7 are timely because the Complaint does not allege that Genentech had notice of JHL's involvement on October 11, 2016 (Opposition at p. 28) and that its allegations regarding when it learned that Xanthe was consulting for a company other than JHL does not establish that it

had any knowledge of misconduct relating to JHL.  (Opposition at p. 29.)  While Genentech devotes it arguments as to why its delay is excusable because it did not learn *of JHL's role* in the alleged misconduct in October 2016 (Opposition at p. 29:8-10), Genentech makes no attempt at explaining how the discovery rule could possibly revive its stale breach of duty of loyalty claim against Xanthe Lam. The basis of the claim is that Xanthe owed a duty of loyalty to Genentech which knew she breached more than two years prior to filing its complaint.  Genentech knew that Xanthe had allegedly engaged improper consulting activities outside of Genentech on October 11, 2016 (Complaint, ¶¶ 244-245) and had sufficient information to suspect that Xanthe had breached her duty of loyalty as of that date. *Norgart v Upjohn Co.* (1999) 21 Cal 4th 383, 397. Genentech cannot plead around its allegations making the claim untimely.

               2.     *Xanthe's Status as an Employee Does Not Suffice for Breach of Loyalty Claim*

To the extent the Court does not dismiss the sixth cause of action as time barred, the Court should dismiss the claim because Xanthe did not owe a *fiduciary* duty to Genentech. *Mattel, Inc. v. MGA Entertainment, Inc.* No. CV 04-9049-DOC, 2011 U.S. Dist. LEXIS 55756, at *14-18 (S.D. Cal. March 28, 2011) ("The fiduciary relationship is a prerequisite to the existence of a duty of loyalty,").  In its Opposition, Genentech cites to a few cases which it contends disagreed with the holding in *Mattel.*  (Opposition at p. 25-26.)  Neither the Ninth Circuit nor the California Supreme Court has ruled on whether an ordinary employee owes a duty of loyalty to his employer that is distinct from Labor Code §2863 which, far from undivided loyalty, expressly authorizes the transaction of business by an employee "similar to that intrusted [sic] to him by his employer" so long as preference is always given to the performance of services for the employer.  In other words, the statute expressly authorizes moonlighting.  As Genentech points out in its Opposition, several district courts within Ninth Circuit have been inconsistent in ruling on whether a cause of action for breach of duty of loyalty exists under California law absent a fiduciary relationship.

Genentech's reliance on *Integral Development Corp. v. Tolat*, 2013 WL 5781581, at *3 (N.D. Cal. October 25, 2013) for the proposition that it declined to follow *Mattel* is misplaced as the Court in *Integral Development Corp.* made clear that an employer may pursue a cause of action for breach

- 4 -

of duty of loyalty only "against an employee *with managerial duties*." *Id*. (emphasis added). Here, the Complaint contains no allegations that Xanthe had any fiduciary or managerial duties, and Genentech's Opposition does not address this fatal flaw. Moreover, Genentech's citation to *E.D.C Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016) only adds to the confusion as the Court in *E.D.C. Techs, Inc*. had previously recognized that in order to plead a breach of duty of loyalty claim, one must allege a fiduciary relationship. *E.D.C Techs., Inc. v. Seidel*, No. 3:16-cv-03316-SI, 2016 U.S. Dist. LEXIS 118612, * 20 (Sept. 1, 2016) (order dismissing the breach of duty of loyalty claim stated: "EDC must concretely allege the basis of the *fiduciary relationship*, not simply recite that [defendant] was an 'employee' of EDC, or that [defendant] 'had duties and performed functions equivalent to those of an officer of EDC . . . such that he owed a *fiduciary duty* to EDC.'" (emphasis added).)

Accordingly, based on the holding in *Mattel* and the non-fiduciary relationship between employee and employer established by Labor Code section 2863, Xanthe submits that this Court should determine that a fiduciary relationship is a prerequisite to the existence of duty of loyalty, and, that Genentech's allegations fall far short of establishing a fiduciary relationship between Xanthe and Genentech. The sixth cause of action for breach of duty of loyalty should, therefore, be dismissed.

Because the breach of loyalty claim fails, the seventh cause of action for aiding and abetting that breach also must fail. A cause of action for Aiding and Abetting requires a Plaintiff to establish an underlying tort that was "aided and abetted." *In re Mortgage Elec. Registration Sys., Inc*., 754 F.3d 772, 786 (9th Cir. 2014) ("Aiding-and-abetting liability depends on the existence of an underlying tort"). Without an underlying claim for breach of duty of loyalty, Genentech's aiding and abetting cause of action necessarily fails. (*See Reiser v. Marriott Vacations Worldwide Corp*., No. 2:16-cv-00237-MCE-CKD, 2016 U.S.Dist. LEXIS 58396, at *27-28 (E.D.Cal. Apr. 27, 2016).

       3.    *The Aiding and Abetting Breach of Duty of Loyalty Claim Against Allen Lam is Also Time Barred*

The aiding and abetting claim against all defendants including Allen Lam is untimely. In

an effort to excuse its delay, Genentech attempts to argue that it did not discover the full extent of the alleged misconduct until sometime after October 11, 2016. (Opposition at 28-29.) However, the Discovery Rule "postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008 (quoting *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 391). A "plaintiff discovers the cause of action when he at least suspects a factual basis . . . for its elements . . . when simply put, he at least *suspects* . . . that someone has done something wrong to him." *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398 (emphasis added).

In order for Genentech to rely on the Discovery Rule, it "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal. 4th 797, 807, 808 (applying delayed discovery rule to products liability claim); *see also Hendrix v. Novartis Pharm. Corp.*, 975 F. Supp.2d 1100, 1107 (C.D. Cal. 2013) (same). "The discovery of related facts should be pleaded in detail to allow the court to determine whether the [cause of action] should be been discovered sooner." *Id*.

Here, the Discovery Rule does not rehabilitate Genentech's delay as the Complaint clearly states that: "Genentech first received notice of the allegations described herein on or about October 11, 2016." (Complaint, ¶ 244.) Moreover, Genentech fails to plead any facts explaining why—even after discovering Ms. Lam's misconduct—it was unable to discover its claims against Allen despite exercising due diligence. *Fox*, 35 Cal. 4th at 808 (2005) (plaintiff must plead "inability to have made earlier discovery despite reasonable diligence").

Because Genentech did not file this lawsuit until October 29, 2018, after the two- year statute of limitations ran, its claims for both Breach of Duty of Loyalty, and Aiding and Abetting Breach of Duty of Loyalty should be dismissed as a matter of law.

C.  Plaintiff's Third, Fifth, and Seventh Causes of Action Are Preempted by the California Uniform Trade Secrets Act

For the reasons described in section II B(1)(b) of Defendant JHL Biotech Inc.'s Reply in Support of Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6)

("JHL Reply") which the Lam Defendants join in its entirety, and incorporate as if fully set forth herein, the California Uniform Trade Secrets Act supersedes claims three, five, and seven and should, therefore be dismissed.

### D. The Third and Ninth Causes of Action for Conspiracy Fail

For the reasons described in section II B(2)(a)-(b) of JHL's Reply which the Lam Defendants join in its entirety, and incorporate as if fully set forth herein, the two conspiracy claims should be also dismissed.

## III. CONCLUSION

For the foregoing reasons and for the additional arguments set forth in JHL's Reply, Genentech's claims numbered three against Xanthe Lam and Allen Lam, five against Allen Lam, sixth against Xanthe Lam, and seven against Allen Lam should be dismissed because Genentech fails to state these claims such that relief can be granted.

Dated: January 25, 2019                    Respectfully submitted,

                                           LAW OFFICES OF DAVID H. SCHWARTZ, INC.


                                           By: _____ */s/ David H. Schwartz*_____
                                                   David H. Schwartz
                                                   Attorney for Defendants
                                                   Xanthe Lam and Allen Lam