ROD DIVELBISS (SBN 102345)
JRA LAW PARTNERS, LLP
450 Pacific Avenue, Suite 200
San Francisco, CA 94133
Telephone: (415) 962-2882
Facsimile: (415) 788-6929
Email: rdivelbiss@jralp.com

Attorneys for Defendant
JOHN CHAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| GENENTECH, INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50,<br><br>                    Defendants. | Case No. 3:18-cv-06582-WHA<br><br>**DEFENDANT JOHN CHAN'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JOHN CHAN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND NOTICE OF JOINDER**<br><br>Date:     February 14, 2019<br>Time:     8:00 a.m.<br>Dept:     Courtroom 12, 19th Floor<br>Judge:   Hon. William H. Alsup<br><br>Complaint Filed: October 29, 2018<br>Trial Date: Not Set |

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................... 1

II.   STATEMENT OF FACTS ...................................................................... 1

III.  LEGAL STANDARD ............................................................................. 2

IV.   ARGUMENT ......................................................................................... 2

   A.   First Cause of Action for Violation of the
        Defend Trade Secrets Act 18 U.S.C. § 1831 ................................... 2

   B.   Second Cause of Action for Misappropriation
        of Trade Secrets (Cal. Civ. Code § 3426). ..................................... 4

   C.   Third Cause of Action For Conspiracy to Misappropriate. ............. 4

      1.   The Conspiracy Claim (Causes of Action Three) Fails ............. 4

   D.   Fifth Cause of Action for Contractual Interference. ....................... 6

      1.   Genentech Failed to Adequately Allege Interference
           With Contract Claim Is Barred by the Statute of Limitations. ..... 7

      2.   Genentech's Contractual Interference Claim Is
           Barred by the Statute of Limitations ......................................... 7

      3.   The Fifth Cause of Action for Contractual
           Interference Is Superseded by CUTSA. ..................................... 8

   E.   Seventh Cause of Action For Aiding and Abetting. ........................ 9

      1.   Genentech's Aiding and Abetting Claim
           Is Barred by the Statute of Limitations. .................................... 9

      2.   The Seventh Cause of Action is Superseded by CUTSA. ........... 9

V.    CONCLUSION ...................................................................................... 9

MEMO ISO CHAN'S REPLY TO MOT. TO
DISMISS
3:18-CV-06582-WHA

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

*Balistreri v. Pacifica Police Dep't*,

3
     901 F.2d 696, 699 (9th Cir. 1990)............................................................................ 2

4
*Bell Atl. Corp. v. Twombly*,

5
     550 U.S. 544, 555, 570 (2007) ................................................................................. 2

6
*Farhang v. Indian Institute of Tech., Kharagpur*, No. C–08–02658 RMW, 2010
     WL 2228936, at *11 (N.D. Cal. 2010)..................................................................... 9

7

8
*Fox v. Ethicon Endo-Surgery, Inc.*,
     35 Cal. 4th 797, 807, 808 (2005) ............................................................................. 7

9
*Hendrix v. Novartis Pharm. Corp.*,

10
     975 F. Supp.2d 1100, 1107 (C.D. Cal. 2013) .......................................................... 7

11
*Illumination Mgmt. Sols., Inc. v. Ruud*,
     2012 WL 4069315, at *5 (E.D. Wis. 2012) ............................................................. 5

12

13
*Jun-En Enter. v. Kin*, No. CV 12-2734 PSG (SSX), 2013 WL 12126112, at *3
     (C.D. Cal. 2013)........................................................................................................ 9

14

15
*Kwikset Corp. v. Superior Court*,
     51 Cal. 4th 310 (2011) ............................................................................................. 8

16

17
*Mattel, Inc. v. MGA Ent'ment, Inc.*,
     2011 WL 8427611, at *3 (C.D. Cal. 2011)............................................................... 9

18
*MedioStream, Inc. v. Microsoft Corp*,

19
     869 F.Supp.2d 1095, 1114 (N.D. Cal. 2012) ........................................................... 4

20
*Silvaco Data Sys. v. Intel Corp.*,
     184 Cal. App. 4th 210, 232 (2010) .......................................................................... 8

21

22
*SunPower Corp. v. SolarCity Corp*, No. 12-CV-00694-LHK, 2012 WL 6160472,
     at *12 (N.D. Cal. Dec. 11, 2012) ............................................................................. 8

23
*Veronica Foods Co.*, *supra*, 2017 U.S. Dist. LEXIS 101325, 2017 WL 2806706, at

24
     *13 (citing cases) ...................................................................................................... 3

25
*Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S–09–1504 LKK/KJM,
     2009 WL 2880393, at *5 (E.D. Cal. 2009) .............................................................. 5

26
/ / /

27
/ / /

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Statutes**

18 U.S.C.
   § 1831 ................................................................................................................. i, 3
   § 1832 ......................................................................................................................... 5
   § 1836 ......................................................................................................................... 1

California Civil Code
   § 3426 ........................................................................................................... i, 1, 4, 8
   § 3426.7 ...................................................................................................................... 8

California Code of Civil Procedure
   § 339 ........................................................................................................................... 7

**Other Authorities**

Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, 130 Stat. 376, 381-82
   (May 11, 2016) ........................................................................................................... 3

**Rules**

Federal Rules of Civil Procedure
   Rule 12(b)(6) .............................................................................................................. 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.      INTRODUCTION**

The first one-half of Genentech's Opposition Memorandum (Dkt. No. 93) seeks to address JHL's jurisdictional arguments. Genentech submits its argument regarding individual defendants' arguments brought under Rule 12(b) only in the later portion of its Opposition. Those arguments, however, are limited and supported primarily with platitudes and conclusions. Accordingly, as discussed below, Defendant Chan's Motion to Dismiss should be granted.

**II.      STATEMENT OF FACTS**

Genentech's recitation of what it characterized as "relevant factual allegations" does not contradict Defendant Chan's position that there is a fatal dearth of factual allegations against him. (Opposition Memorandum, page 2:18-5:13). In that section, where Genentech sets forth what it asserts are relevant factual assertions, Mr. Chan is barely mentioned. In fact, the allegations in that section referencing Mr. Chan are limited to the following:

- "[A]t Xanthe's suggestion, Jordanov and Lin hired John Chan (Opposition Memorandum, page 3:17-19);

- Chan considered himself to be Xanthe's direct report (Opposition Memorandum, page 3:20-21);

- Xanthe and Chan discussed Chan's work on developing biosimilar versions to Genentech's medicines (Opposition Memorandum, page 4:11-12);

- Xanthe forwarded confidential Genentech documents to Chan (Opposition Memorandum, page 4:12-13);

- At a certain point, Xanthe stopped having discussions with Chan (Opposition Memorandum, page 4:14-15); and

- Allen Lam received documents from Xanthe and passed them to Mr. Chan[1] (Opposition Memorandum, page 5:11-12).

As discussed below, the limited references to Mr. Chan confirm that his role was limited, and that the allegations against him are not sufficient to support Genentech's claims against him.

---

[1] The cited paragraphs to the Complaint (¶¶ 168-170) do not allege that Mr. Lam passed the documents on to Mr. Chan. Instead, the cited paragraphs simply reference emails between Allen and Xanthe which mention John Chan.

MEMO ISO CHAN'S REPLY TO MOT. TO
DISMISS
3:18-CV-06582-WHA

III.   **LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where, as here, there is an "absence of sufficient facts alleged under a cognizable legal theory.'" See *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a claim must be supported by facts sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Genentech's allegations concerning Defendant Chan do not rise to that level.

IV.   **ARGUMENT**

Plaintiff's Opposition Memorandum both fails to address and therefore implicitly concedes the arguments in Defendant Chan's Motion to Dismiss. Accordingly, this Court should dismiss Genentech's claims against Mr. Chan under FRCP 12(b)(6) based on the arguments submitted by Mr. Chan in his Motion to Dismiss and this Reply Memorandum.

A.   **First Cause of Action for Violation of the Defend Trade Secrets Act 18 U.S.C. § 1831.**

As an initial matter, Defendant Chan joins in the arguments submitted by JHL and other defendants set forth in their Reply Memoranda in support of the arguments that the First Cause of Action should be dismissed. Defendant Chan also submits the following additional arguments in reply.

As previously set forth, and as acknowledged by Genentech, the DTSA applies only to the "misappropriation of a trade secret . . . for which any act occurs on or after the date of [its] enactment," specifically, May 11, 2016. See Defend Trade Secrets Act of 2016, Pub. L. No. 114-153, 130 Stat. 376, 381-82 (May 11, 2016). There are no specific allegations that any of the claimed wrongful acts *attributed to Mr. Chan* occurred after May 11, 2016. Instead, Genentech only alleges that Mr. Chan communicated with Ms. Lam "between May 2014 and August 2015" and "intermittently in 2016. (Compl., ¶ 165).

Genentech attempts to address Defendant Chan's argument in this regard at pages 19-20 of the Opposition Memorandum, and incorrectly asserts that there are allegations of conduct beyond May 11. 2016. In support of that argument, Genentech references ¶¶ 28-29, ¶¶ 39-41 and

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

¶¶ 199-203 of the Complaint. (Opposition Memorandum, page 19:11-12). However, the allegations in those paragraphs of the Complaint do not support the required allegation that Mr. Chan engaged in any unlawful conduct after May of 2016. Paragraphs 28 and 29 of the Complaint include allegations about Xanthe Lam and do not even reference Mr. Chan. The only reference to Mr. Chan in paragraphs 39 to 41 is the allegation that Xanthe admitted that she held Skype calls with Mr. Chan. (Compl., page 12:4-5). However, there is no allegation that the calls took place after May of 2016. Finally, paragraphs 199 to 203 do not reference Mr. Chan and appear to reference activity after Mr. Chan left JHL.

Based on the above, Plaintiff appears to acknowledge that there are no specific allegations that Mr. Chan engaged in wrongful activity after May of 2016. In the face of that admitted lack of factual allegations regarding Mr. Chan, Genentech cites *Allied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-511 (1994), and argues that the alleged use of its trade secrets by other Defendants after May of 2016, is sufficient to impose DTSA liability on Mr. Chan, even if there are no allegations relating to him after May of 2016. (See Opposition Memorandum, page 19:1-20:2) Plaintiff's reliance on *Allied Equip. Corp.* for this proposition is unavailing. In that case, the Court held that a conspiracy claim is a legal doctrine that imposes liability on persons who share a common plan or design in the perpetration of a tort by others. *Id.* at 511. Nowhere in that case does the Court state that the time parameters of a federal statute can be extended by the actions of someone other than the named defendant. *Sonoma Pharm, Inc. v. Collidion, Inc.*, 2018 WL 3398940 (N.D. Cal. June 1, 2018), cited by Genentech, is instructive. In that case, the court quoted *Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp.*, 2017 WL 1105648 (E.D. Pa. Mar. 24, 2017) and held that the DTSA applies to claimed misappropriations after May of 2016 "so long as the defendant took some relevant act after that date." It is not alleged that "the defendant" here, John Chan, took any actions after that date. Accordingly, Defendant Chan's Motion to Dismiss the First Cause of Action should be granted. See, *Becton, Dickinson & Co. v. Cytek Biosciences Inc.,* No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121 at *10-11 (N.D. Cal. May 21, 2018).

/ / /

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

**B.**   **Second Cause of Action for Misappropriation of Trade Secrets (Cal. Civ. Code § 3426).**

Defendant Chan joins in the arguments set forth by other Defendants with respect to dismissal of the Second Cause of Action. In addition, review of the Complaint confirms that there are no allegations that Mr. Chan knew the purported information was a trade secret. Further, Plaintiff makes no allegations that Mr. Chan had reason to know the limited information provided to him was a trade secret, instead of publicly known or available information. As a result, the allegations against Defendant Chan are deficient. *MedioStream, Inc. v. Microsoft Corp*, 869 F.Supp.2d 1095, 1114 (N.D. Cal. 2012).

In its Opposition, Genentech argues that one can infer from the vague allegations of the Complaint that Defendant Chan had reason to know that the information he allegedly received was of a non-public, highly confidential nature. However, the allegations are that Mr. Chan received information from Xanthe and he was told not to show that information to others. That certainly does not necessarily indicate that the information was a trade secret owned by Genentech or some other third party, and that it was acquired by improper means. Further, the assertion that Mr. Chan knew Xanthe was employed by Genentech also does not indicate that he knew the information was a trade secret acquired by improper means. The fact remains that nowhere does Plaintiff allege that Mr. Chan knew or should have known that the information was a Genentech trade secret acquired by Xanthe by improper means. Accordingly, dismissal of the Second Cause of Action is warranted.

**C.**   **Third Cause of Action for Conspiracy to Misappropriate.**

    **1.**   **The Conspiracy Claim (Causes of Action Three) Fails.**

Genentech's conspiracy to misappropriate trade secrets claim fails for several reasons. Defendant Chan joins in the arguments submitted by JHL and other Defendants, and respectfully submits the following additional arguments.

Genentech points to certain allegations and argues that it sufficiently alleged an agreement and acts by Mr. Chan in furtherance of the agreement. Specifically, Genentech points to allegations that (1) Jordanov and Lin recruited Xanthe to steal trade secrets; (2) Xanthe gathered

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

trade secrets and shared them with Allen; (3) Lin agreed to hire Chan, whom Xanthe agreed to supervise so that Chan could use Genentech trade secrets; and (4) JHL then hired Quach, who agreed to download Genentech trade secrets (Opposition Memorandum, page 21:2-12). However, nowhere in those allegations is there an allegation that Mr. Chan agreed to the conspiracy and engaged in acts in furtherance of the conspiracy. Thus, claim three cannot stand as an independent cause of action. *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. CIV. S–09–1504 LKK/KJM, 2009 WL 2880393, at *5 (E.D. Cal. 2009).

Further, the DTSA does not support a civil conspiracy claim. Defendant Chan joins in the arguments set forth by JHL with respect to this issue. As argued by JHL, Genentech does not cite a single case supporting a civil conspiracy claim under either CUTSA or the DTSA. The only authority cited —*Steves & Sons v. JELD-WEN, Inc.*, 271 F. Supp. 3d 835 (E.D. Va. 2017)— specifically rejects such a claim because only the *criminal* portion of the DTSA (18 U.S.C. § 1832) permits a conspiracy enforcement action.

Even if it could be an independent claim, Genentech's California law conspiracy claim arises from the identical nucleus of facts as Genentech's misappropriation claims; therefore, it is superseded by CUTSA.  (See Compl., ¶¶ 282-287); *Illumination Mgmt. Sols., Inc. v. Ruud*, 2012 WL 4069315, at *5 (E.D. Wis. 2012) (dismissing civil conspiracy claim resting on "identical nucleus of facts as alleged in misappropriation" claim as preempted by CUTSA).

In response, Genentech argues that "none of the claims depends upon the misappropriation of any information, whether trade secret or otherwise." Opposition Memorandum, page 23:13-15. In support of that incredible assertion, Genentech points to two purportedly "non-trade secret allegations" in its 355-paragraph Complaint. First, at pages 23-24 of its Opposition Memorandum, Genentech references the allegation that Ms. Lam engaged in "employment and/or other activity with Genentech competitor JHL, thereby breaching her Proprietary Information Agreement with Genentech." (Compl., ¶¶ 292-293, 308). Second, Genentech points to the allegation in paragraph 314 of the Complaint that Ms. Lam "consulted or otherwise worked for or on behalf of Eusol, Mycenax, JHL, APBio, and OBI." (Opposition Memorandum, 25:20-22).

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

1    The above allegations, however, are the very allegations that support Genentech's trade

2    secret misappropriation claims. More particularly, in the Second Cause of Action, Genentech

3    alleges that the trade secret information was made available to Xanthe Lam during her

4    employment with Genentech under circumstances requiring her to maintain the information in

5    confidence." (Compl., ¶ 275).  Still further, the allegations regarding breach of the Proprietary

6    Information Agreement (the "PIA") expressly incorporate and are based on the allegations of

7    trade secret misappropriation. (Compl., ¶¶ 288-297).

8        In the Sixth Cause of Action, Genentech alleges that Ms. Lam consulted with other

9    entities. However, the claim of breach of a duty is also based on and specifically incorporates the

10   allegations of trade secret misappropriation. (Compl., ¶ 312). The Complaint fails to allege any

11   breach of the duty of loyalty unrelated to the alleged trade secret misappropriation. For these

12   reasons, CUTSA supersedes these claims.

13       **D.    Fifth Cause of Action for Contractual Interference.**

14           **1.    Genentech Failed to Adequately Allege Interference With Contract.**

15       Genentech alleges that it entered into the PIA with Xanthe Lam, the terms of which

16   allegedly required Ms. Lam to guard Genentech's trade secrets. (Compl., ¶ 10). Without

17   providing any foundational support for its conclusory factual allegations, Genentech then asserts

18   that Defendant Chan is an experienced participant in the biotech industry. (Compl., ¶ 305).

19   Irrespective of his experience, Genentech does not allege that Mr. Chan had knowledge of that

20   contract and there are no other allegations made against Mr. Chan with respect to the

21   "knowledge" requirement. Plaintiff has therefore failed to adequately allege knowledge of the

22   PIA.

23       In Opposition, Genentech acknowledges that it did not allege Defendant Chan's

24   knowledge of the PIA, but argues that it alleged that "as experienced participants in the biotech

25   industry, [Defendants] knew by virtue of Xanthe's employment, she would be contractually

26   prohibited from engaging in employment" with Genentech competitors. (Compl., ¶ 305).

27   Continuing, Genentech alleges that Defendants Allen, Quach, Jordanov and Lin were all

28   signatories to a standard Genentech PIA, and would therefore have knowledge of the agreement.

6

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

1    (Compl., ¶ 306). No such allegation is present with respect to Mr. Chan's purported knowledge of

2    the PIA. Accordingly, at least with respect to Mr. Chan, the pleading is deficient.

3         Genentech also alleges that Mr. Chan somehow interfered with the PIA "by inducing

4    Xanthe to engage in employment or other activity with JHL," causing unspecified damages.

5    (Compl., ¶¶ 308, 309). No other allegations are made with respect to the required element that

6    there be a nexus between Mr. Chan's alleged conduct and the prevention of performance by

7    Xanthe Lam under the agreement with Genentech. Accordingly, the claims should be dismissed

8    on this ground as well.

9                          **2.     Genentech's Contractual Interference**
                                 **Claim Is Barred by the Statute of Limitations.**
10

11        In the Complaint, Genentech alleges that it discovered breaches by Xanthe on October 11,

12   2016 (Compl., ¶¶ 244, 296), from which it can reasonably be inferred that Ms. Lam's alleged

13   breach and Mr. Chan's alleged inducement of such breach occurred before October 11, 2016.  In

14   its Opposition Memorandum, Genentech attempts to avoid the consequences of the allegation that

15   it discovered improper behavior by Xanthe in October of 2016 and asks the Court for leave to

16   amend "the Complaint to clear up [the] confusion." (Opposition Memorandum, page 29:14-16).

17   There was, however, no "confusion." As alleged, Genentech was put on notice of the contractual

18   interference no later than October 11, 2016. (Compl., ¶¶ 244, 296).

19        Nor can Genentech rely on the discovery rule. The Complaint alleges that Xanthe

20   breached her duty of loyalty to Genentech on or before October 11, 2016 when she consulted for

21   various companies including APBio. For Genentech to rely on the delayed discoery, it "must

22   specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have

23   made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal.

24   4th 797, 807, 808 (2005) (applying delayed discovery rule to products liability claim); *see also*

25   *Hendrix v. Novartis Pharm*. Corp., 975 F. Supp.2d 1100, 1107 (C.D. Cal. 2013) (same).  "The

26   discovery of related facts should be pleaded in detail to allow the court to determine whether the

27   [cause of action] should be been discovered sooner." *Ibid*.

28        Here, the Discovery Rule does not rehabilitate Genentech's delay as the Complaint clearly

                                                              MEMO ISO CHAN'S REPLY TO MOTION
                                                                          TO DISMISS
                                                                     3:18-CV-06582-WHA

states that: "Genentech first received notice of the allegations described herein on or about

October 11, 2016." (Complaint, ¶ 244.) Moreover, Genentech fails to plead any facts explaining

why—even after discovering Xanthe Lam's misconduct—it was unable to discover its claims

against Allen Lam despite exercising due diligence. *Fox*, 35 Cal. 4th at 808 (2005) (plaintiff must

plead "inability to have made earlier discovery despite reasonable diligence")

       This Court should not allow Genentech to avoid the consequences of its judicial admission

and should dismiss the Contractual Interference Claim with prejudice.

### 3.      The Fifth Cause of Action for Contractual Interference Is Superseded by CUTSA.

       As discussed above, CUTSA is the exclusive remedy for trade secret misappropriation

under California law and supersedes any other civil causes of action or remedies that are "based

on the same nucleus of facts" as a claim for trade secret misappropriation. *See* Cal. Civ. Code §

3426.7; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 232 (2010), *disapproved on other

grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011). Here, there is no "material

distinction between the wrongdoing alleged in a CUTSA claim and that alleged in the non-

CUTSA claim." *SunPower Corp. v. SolarCity Corp*, No. 12-CV-00694-LHK, 2012 WL

6160472, at *12 (N.D. Cal. Dec. 11, 2012).

       The contractual interference claim arises from and relies on the same nucleus of facts as

Genentech's trade secret misappropriation claims. Genentech alleges that Mr. Chan intentionally

interfered with Ms. Lam's agreement with Genentech. (Compl., ¶ 308.) In fact, the Contractual

Interference Claim specifically and unambiguously references and incorporates by reference the

allegations supporting the CUTSA claim. (Compl., ¶ 302.) Still further, the alleged method of

breach was that Ms. Lam "provided JHL with critical information and support" by funneling trade

secret information to JHL consultants and employees and worked with competitors, demonstrates

that this claim shares a nucleus of common fact with the trade secret claims. (*See* Compl., ¶¶ 31,

125, 146, 302, 308, 309.) Both of Genentech's common law claims lack any allegation of

wrongdoing by Mr. Chan independent of the alleged trade secret misappropriation and,

accordingly, must be dismissed.

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA

1

**E.       Seventh Cause of Action for Aiding and Abetting.**

2

3

>       **1.       Genentech's Aiding and Abetting Claim**
>       **Is Barred by the Statute of Limitations.**

4

>       The statute of limitations for aiding and abetting a breach of a duty of loyalty is also two

5

years. *See Jun-En Enter. v. Kin*, No. CV 12-2734 PSG (SSX), 2013 WL 12126112, at *3 (C.D.

6

Cal. 2013). For the reasons outlined above with respect to the Fifth Cause of Action, the aiding

7

and abetting claim is time barred.

8

>       **2.       The Seventh Cause of Action is Superseded by CUTSA.**

9

>       Genentech alleges that Ms. Lam breached her duty of loyalty to Genentech by consulting

10

or working for Genentech competitors for her own personal gain while employed by Genentech.

11

(Compl., ¶¶ 312-316.)  Defendant Chan allegedly aided and abetted this breach of duty by

12

"provid[ing] substantial encouragement and assistance to Xanthe" in breaching her duty of

13

loyalty. (Compl., ¶ 321.)  The claimed breach of loyalty relates directly to the assertion of

14

misappropriating trade secrets while working for a different company. Nor does the Complaint

15

ever describe an alleged breach arising from an obligation unrelated to the alleged trade secret

16

misappropriation.  Thus, because the underlying basis for Genentech's claim is its allegation that

17

Ms. Lam used Genentech's resources to develop and exploit Genentech's trade secrets.

18

Genentech's breach of loyalty claim cannot escape supersession.  *See Farhang v. Indian Institute*

19

*of Tech., Kharagpur*, No. C–08–02658 RMW, 2010 WL 2228936, at *11 (N.D. Cal. 2010).  And

20

because the breach of loyalty claim is superseded, Genentech's claim for aiding and abetting that

21

breach also fails.  *Mattel, Inc. v. MGA Ent'ment, Inc.*, 2011 WL 8427611, at *3 (C.D. Cal. 2011).

22

**V.       CONCLUSION**

23

>       For the foregoing reasons, Genentech's claims against John Chan should be dismissed.

24

Dated:  January 25, 2019                      JRA LAW PARTNERS, LLP

25

26

                                          /s/ *Rod Divelbiss*
                                          Rod Divelbiss

27

                                          JRA LAW PARNERS, LLP
                                          Attorneys for Defendant JOHN CHAN

28

MEMO ISO CHAN'S REPLY TO MOTION
TO DISMISS
3:18-CV-06582-WHA