ROD DIVELBISS (SBN 102345)
JRA LAW PARTNERS, LLP
450 Pacific Avenue, Suite 200
San Francisco, CA 94133
Phone: (415) 962-2882
Fax: (415) 788-6929
Email: rdivelbiss@jralp.com

Attorneys for Defendant
JOHN CHAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO

| | |
|---|---|
| GENENTECH, INC., | Case No. 3:18-cv-06582-WHA |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JOHN CHAN'S MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF CRIMINAL CASE** |
| v. | |
| JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50, | Date:     February 14, 2019<br>Time:     8:00 a.m.<br>Dept:     Courtroom 12, 19th Floor<br>Judge:   Hon. William H. Alsup |
| Defendants. | Complaint Filed:  October 29, 2018<br>Trial Date:  Not Set |

## I.     INTRODUCTION

Genentech indicates that, with certain conditions, it does not oppose the stay request with respect to Defendants Allen and Xanthe Lam, James Quach and John Chan (the "Indicted Defendants"). Opposition Memorandum, ¶ 2:7-17. Specifically, Genentech states that it will agree to the stay and not seek discovery from Indicted Defendants but with two exceptions: (1) the Indicted Defendants be required to Answer the Complaint and (2) Genentech seeks to obtain what it characterizes as non-testimonial discovery from each of the Indicted Defendants via requests for production. *Ibid.*

Genentech acknowledges the appropriateness of a stay and purports to not oppose it. Yet, the "exceptions" requested are inherently incompatible with the purpose of the stay. First, requiring an Answer will, as Genentech is fully aware, require the Indicted Defendants to invoke their Fifth Amendment rights, to their detriment, the very detriment sought to be avoided by the stay. Further, as discussed below, requiring the Indicted Defendants to produce documents may also require invoking the Fifth Amendment and will unfairly benefit the government in the companion criminal case.

## II.    DISCUSSION

### A.     Consideration of Defendants' Fifth Amendment Rights Heavily Weighs in Favor of Granting the Stay In Its Entirety.

The focus of any motion for stay is consideration of the implication of the defendant's Fifth Amendment rights and whether those rights "will be implicated by discovery and disclosures required in the civil action." Fed. Ins. Co. v. Laney, 2013 U.S. Dist. LEXIS 21250, at *7 (N.D. Cal. Feb. 14, 2013) (Alsup, J.)  Here, Genentech acknowledged that those Fifth Amendment rights are implicated by the prosecution of the civil action.

### B.     Consideration of "Other" Factors Confirms That a Stay Should Be Granted.

The requested exceptions to the stay run contrary to the factors to be considered by the Court. In addition to evaluating Fifth Amendment concerns, courts in the Ninth Circuit consider the following other factors:

CHAN'S REPLY MEMO. ISO
MOTION TO STAY
3:18-CV-06582-WHA

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the courts in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324-25 (citing *Molinaro*, 889 F.2d at 903).  A reasoned analysis of these factors weighs heavily in favor of granting a complete stay in this case.

**1.     Consideration of Plaintiff's Interests Favors Issuing a Stay.**

Genentech has provided no discussion, no argument and no authority for the proposition that the requested "exceptions" are needed to protect its interests. In fact, there is simply no advancement of Genentech's, or anyone's, interest in requiring that the Indicted Defendants assert their Fifth Amendment rights to their detriment even in the context suggested by Genentech. Nor will the request that Defendants file an Answer and the request for limited information sought by Genentech, advance Genentech's desire for a speedy resolution of their civil claims. Thus, the two "exceptions" to the stay will not advance Plaintiff's interests.

Further, Genentech has not demonstrated that it will suffer any meaningful prejudice by imposition of a general stay that will not be adequately addressed by the Court's ruling on the Motion for Preliminary Injunction. By definition, the Court will have addressed and resolved any potential threat of irreparable harm upon consideration of that motion. In addition, any potential prejudice to Genentech will be minimized by the likely overlap between witnesses and evidence in the criminal and civil cases.  In fact, Genentech may benefit from a stay to the extent the criminal action resolves overlapping factual issues.

1

2

**2.      The Burden on the Individual Defendants'
Interests Weighs Heavily in Favor a Complete Stay.**

3

4

The second *Keating* factor is "the burden which any particular aspect of the proceedings

may impose on defendants."

5

6

7

8

9

10

11

Genentech insists that the Indicted Defendants will need to answer the Complaint, which

will require the assertion of the privilege (and potentially a resulting adverse inference for

purposes of pre-trial proceedings if not for the trial as well). Genentech also insists that it will

have the right to propound document requests to the indicted Defendants, which may require the

Indicted Defendants to assert Fifth Amendment objections. Thus, Genentech's exceptions do not

relieve the Indicted Defendants of the burden of raising Fifth Amendment objections in the civil

action.

12

13

14

In fact, it is without genuine dispute that Genentech's request for a partial stay (including

only a partial stay of discovery against the Indicted Defendants) undermines the overriding

purpose for granting the stay:

15

16

17

18

19

20

> Other than where there is specific evidence of agency bad faith or malicious
> governmental tactics, the strongest case for deferring civil proceedings until
> after completion of criminal proceedings is where a party under indictment for
> a serious offense is required to defend a civil or administrative action
> involving the same matter. The noncriminal proceeding, if not deferred, might
> undermine the party's Fifth Amendment privilege against self-incrimination,
> expand rights of criminal discovery beyond the limits of Federal Rule of
> Criminal Procedure 16(b), expose the basis of the defense to the prosecution
> in advance of criminal trial, or otherwise prejudice the case.  If delay of the
> noncriminal proceeding would not seriously injure the public interest, a court
> may be justified in deferring it.

21

*SEC v. Dresser Indus., Inc.* 628 F.2nd 1368, 1375-76 (D.C. Cir. 1980)

22

23

24

25

26

27

28

Further, Genentech totally fails to address the issue that, if it is permitted to proceed with

discovery, it will likely be a conduit to the Government for information that the Government

would not be able to obtain on its own if the entire civil action is stayed, still another burden to all

Defendants. Genentech also ignores the fact that Genentech's right to broad civil discovery (when

it is permitted) and its sharing of such information with the Government is inconsistent with

Federal Rule of Criminal Procedure 16. *SEC v. Alexander* No. 10-CV-04535-LHK) 2010 U.S.

Dist. LEXIS 138547, at *15 (N.D. Cal. Dec. 22, 2010): "permitting the SEC to engage in broad

1    civil discovery would unfairly expand the scope of criminal discovery beyond the limits of

2    Federal Rule of Criminal Procedure 16(b)." Such sharing is a "well-recognized consequence" of

3    parallel criminal and civil proceedings that may support a stay or deferral of discovery in cases

4    where delay would not seriously injure the public interest or otherwise cause prejudice.[1]

5            In contrast to the absence of any meaningful burden to Genentech resulting from a

6    complete stay, the burden to the Indicted Defendants from Genentech's proposal for a partial stay

7    would be substantial. Forcing the Indicted Defendants to answer the complaint while the criminal

8    action remains pending will require them to navigate between alleging too much and thereby

9    waiving the privilege and alleging too little and thereby waiving some or all defenses to the civil

10   action. Since it is acceptable to Genentech to stay this action as to the Indicted Defendants until

11   the criminal case is resolved, having the stay include filing answers will permit the Indicted

12   Defendants to avoid the privilege conundrum and moot the need for extensive motion practice

13   over whether the Indicted Defendants got it right or will be defaulted for technical errors. Thus,

14   the second *Keating* factor weighs heavily in favor of a total stay.

15                   **3.     Consideration of Judicial Efficiency Supports a Complete Stay.**

16           Because the instant case is still in its early stages, a complete stay will promote judicial

17   economy and efficiency. "[A] number of courts have concluded that staying a parallel civil

18   proceeding in its early stages may prove more efficient in the long run." *CFPB v. Glob. Fin.*

19   *Support, Inc.*, 2016 U.S. Dist. LEXIS 64959, at *15 (S.D. Cal. May 17, 2016) (collecting cases).

20   A stay could help simplify the civil case and narrow the issues. *See Clifford v. Trump*, 2018 WL

21   3435419, at *5 (C.D. Cal. Apr. 27, 2018) (the possibility "that the outcome of the criminal

22   investigation will benefit the parties and the Court by streamlining the issues and questions

23   ───────────────

24   [1] Regardless of whether the individual defendants choose to invoke the Fifth Amendment, denying a stay would also unfairly permit the government access to discovery to which it is not otherwise entitled for use against the criminal defendants in the criminal case. For example, in the Defendants' Initial Disclosures, each of the Defendants will be required to disclose information about witnesses, documents and damages, even before receipt of a discovery request. FRCP, Rule 26(a)(1). That information goes well beyond what the government would be entitled to receive in the criminal case. Thus, any expansion of the stay "would unfairly expand the scope of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b)." *S.E.C. v. Alexander*, 2010 WL 5388000, at *5 (N.D. Cal. Dec. 22, 2010).

CHAN'S REPLY MEMO. ISO
MOTION TO STAY
3:18-CV-06582-WHA

1   presented in this action" weighed in favor of a stay); *Douglas v. United States*, 2006 WL

2   2038375, at *6 (N.D. Cal. July 17, 2006) (noting that the results of a criminal trial may save

3   "some witnesses the time and cost of appearing at all"); *Jones*, 2005 WL 1287017, at *2 (finding

4   that a stay would conserve judicial resources by permitting the criminal investigation to resolve

5   common issues of fact). Genentech does not contend otherwise, at least with respect to the

6   Indicted Defendants.

7          In contrast, allowing the civil case to go forward without a complete stay would likely

8   increase the burden on the Court.  The Indicted Defendants may be compelled to invoke their

9   Fifth Amendment privileges, foreseeably leading to discovery disputes and the need for Court

10  intervention.  *Clifford*, 2018 WL 3435419, at *5 (noting the likelihood of discovery disputes and

11  finding that judicial efficiency weighs in favor of a stay); *Waymo LLC v. Uber Techs., Inc.*, No. C

12  17-00939 WHA, 2017 WL 2123560, at *5 (N.D. Cal. May 15, 2017) (assertion of Fifth

13  Amendment privilege led to proliferation of contentious discovery disputes).  A complete stay

14  would allow civil discovery to proceed in the future unencumbered by Fifth Amendment

15  concerns.  *Jones*, 2005 WL 1287017, at *2 ("Staying the case makes efficient use of judicial

16  resources by insuring that common issues of fact will be resolved, and subsequent civil discovery

17  will proceed unobstructed by concerns regarding self-incrimination."). Those discovery concerns

18  and related motion practice will disappear once the criminal case is resolved.

19         Thus, the third *Keating* factor, convenience of the courts in the management of its cases

20  and efficient use of judicial resources, also weighs in favor of a total stay.

21                    **4.      Interests of Other Persons.**

22         A complete stay is the only way to protect potential additional civil or criminal

23  defendants. Thus, consideration of the fourth *Keating* factor also militates in favor of a complete

24  stay.

25                    **5.      Public Interest Will Be Best Served by a Complete Stay.**

26         The final factor—the public interest—weighs in favor of a complete stay, at least with

27  respect to the Indicted Defendants.  "[T]he public's interest in the integrity of the criminal case is

28  entitled to precedence over the civil litigant." *Taylor, Bean & Whitaker Mortg. Corp. v.*

CHAN'S REPLY MEMO. ISO
MOTION TO STAY
3:18-CV-06582-WHA

*Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (internal quotation omitted).  Staying the civil proceedings and allowing the criminal case to go forward helps "prevent the premature disclosure of criminal discovery materials." *Baker v. SeaWorld Entm't Inc.*, 2018 WL 1726534, at *3 (S.D. Cal. Apr. 10, 2018). A complete stay is the only way to protect the criminal proceedings in cases such as this one. That is particularly true where, as here, Genentech has the opportunity to convince the Court it is entitled to preliminary injunctive relief in the form of information discovery.

## C.    The Indicted Defendants Participation in Discovery.

Genentech proposes as "symmetry" that the Indicted Defendants be prohibited from participating in civil discovery during the pendency of the stay. Genentech proposes the Court order that "The Indicted Defendants shall not participate in discovery in this action until the stay is lifted." (ECF 92-1) On its face, the suggested language could bar the Indicted Defendants not only from noticing depositions or propounding written discovery, but also bar the Indicted Defendants from attending depositions, or perhaps even being able to obtain and review discovery responses and deposition transcripts.

It is inappropriate for Genentech to craft a stay that allows it such unprecedented access to the criminal case, while denying the Indicted Defendants similar access in the civil litigation.[2] The Indicted Defendants must have the right to documents and discovery produced in the civil action and the right to conduct discovery once the stay is lifted.

For these reasons, if the Court is inclined to grant Genentech's request to order that the Indicted Defendants not participate in discovery until the stay is lifted, the order should state that depositions taken where the Indicted Defendants were barred from participating should not be deemed completed or its time limits exhausted until the Indicted Defendants have been afforded a reasonable opportunity to conduct further discovery and to question witnesses.

---

[2] It is not even clear that the Indicted Defendants would be able to comply with the terms of Genentech's proposed partial stay. See Second Amended Interim Protective Order, *United States v. Lam*, 3:18-cv-00527-WHA (ECF 64) at 5:4-9 ("All material designated Confidential shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of defendant or the benefit of any third party."))

III.     **CONCLUSION**

For the foregoing reasons, the Court should order a complete stay with respect to the

Indicted Defendants pending resolution of the criminal proceedings in *United States v. Lam*.


Dated:  January 4, 2019                                   **JRA LAW PARTNERS, LLP**


                                                          By:  _____
                                                                Rod Divelbiss
                                                                Attorneys for Defendant
                                                                JOHN CHAN

CHAN'S REPLY MEMO. ISO
MOTION TO STAY
3:18-CV-06582-WHA