DARIN W. SNYDER (S.B. #136003)
dsnyder@omm.com
MICHAEL F. TUBACH (S.B. #145955)
mtubach@omm.com
DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Attorneys for Defendant
JHL BIOTECH, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

GENENTECH, INC.,

Plaintiff,

v.

JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50,

Defendants.

Case No. 3:18-cv-06582-WHA

**DEFENDANT JHL BIOTECH, INC.'S OBJECTIONS TO PLAINTIFF GENENTECH, INC.'S REPLY EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO L.R. 7-3**

Date: February 14, 2019
Time: 8:00 a.m.
Dept: Courtroom 12, 19th Floor
Judge: Hon. William H. Alsup

Complaint Filed: October 29, 2018
Trial Date: Not Set

Pursuant to Civil Local Rule 7-3, Defendant JHL Biotech, Inc. ("JHL") hereby objects to and moves to strike new evidence submitted by Plaintiff Genentech, Inc. ("Genentech") with Genentech's Reply in Support of Motion for Preliminary Injunction ("Reply").

## I. INTRODUCTION

It is generally improper to raise new issues or submit new facts in a reply brief. *Roe v. Doe*, 2009 WL 1883752, at *5 (N.D. Cal. 2009). Courts will typically decline to consider new evidence first submitted in a reply brief because it deprives the opposing party of the opportunity to respond. *E.g.*, *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017) (sustaining objection to and declining to consider new evidence submitted with reply). Striking such evidence is particularly appropriate where the proponent could have submitted the new evidence with its opening brief, but elected not to do so. *See S.E.C. v. Private Equity Mgmt. Grp.*, 2009 WL 2488044 (C.D. Cal. 2009) (declining to consider reply testimony that could have been submitted in moving papers). For this reason, this District's local rules permit an opposing party to object when movants submit new evidence in reply briefs. N.D. Cal. L.R. 7-3(d)(1). This Court's Standing Order further provides that reply declarations are disfavored, instructing that "[o]pening declarations should set forth all facts on points ***foreseeably relevant to the relief sought***," and reply papers "should not raise new points that could have been addressed in the opening." Supp. Order to Order Setting Initial Case Mgmt. Conf. in Civil Cases Before Judge William Alsup ("Standing Order"), ¶ 10 (emphasis added).

Genentech submitted four declarations with its Reply in support of its Motion for Preliminary Injunction. (*See* Dkt. 107-1, 107-5, 107-6, 107-7.) JHL objects to two of these declarations, as well as the arguments Genentech raises in its Reply in reliance on them: (1) the McGavok Declaration,[1] which Genentech submitted on behalf of an entirely new declarant, and (2) the Supplemental Kirshman Declaration.[2] Both declarations improperly present new evidence purporting to help Genentech meet its burden in its Motion for Preliminary Injunction

[1] The "McGavock Declaration" refers to the Declaration of Daniel M. McGavock in Response to the Declaration of Bret M. Dickey, Ph.D. in Support of Defendant JHL Biotech, Inc.'s Opposition to Plaintiff's Motion for Preliminary Injunction (Dkt. 107-6.).

[2] The "Supplemental Kirshman Declaration" refers to the Supplemental Declaration of Daniel Kirshman in Support of Genentech's Motion for Preliminary Injunction (Dkt. 107-1.).

(“Motion”). The McGavock Declaration presents evidence purporting to show that the alleged harm to Genentech is irreparable, points that Genentech could have raised in its opening brief but elected not to. (Mot. at 22–24.) Genentech offers the Supplemental Kirshman Declaration to try to offer “further detail” to justify its significant delay in seeking preliminary relief; yet each fact constituting “further detail” in that declaration was equally available to Genentech when it filed its Motion and should not have been held in reserve until Defendants had no chance to respond.

Because this new evidence was more than foreseeably relevant to the relief Genentech seeks, the Court should strike or disregard it as improperly submitted in reply. Standing Order, ¶ 10; *Crandall*, 249 F. Supp. 3d at 1104. As the movant, Genentech has the burden of establishing each of the factors necessary to obtain a preliminary injunction. (Mot. at 17-18.) Genentech not only knew what it had to prove to obtain the extraordinary relief it seeks, Genentech also had ample time to assemble the necessary evidence, having waited two years before bringing suit. (Opp. at 7–8.) Genentech’s refusal to provide initially the new evidence it submitted on Reply was a strategic choice: to show irreparable harm, Genentech chose to rely on its argument that there is a presumption of irreparable harm and to forego evidence in support of its argument that loss of commercial advantage demonstrates irreparable harm. (Mot. at 22–24.) And to show reasonable efforts to protect its trade secrets, Genentech elected to argue that its confidentiality agreements with employees and limitations on access to its information sufficed. (Mot. at 19:18–424.) Moreover, Genentech offers no justification for the lateness of its evidentiary submissions.

Genentech had the benefit of framing the issues and Genentech should live with the consequences of its strategic choices. Genentech should not be permitted to hide the ball in its motion and spring new evidence on JHL in its Reply. Accordingly, the Court should strike or disregard the entirety of the McGavock Declaration and Supplemental Kirshman Declaration, or at least the portions described below, as well as the corresponding argument in the Reply, because they proffer new evidence and argument in support of Genentech’s Motion.

## II. OBJECTIONS

### A. The McGavock Declaration Should Be Stricken

Genentech opted not to submit any expert testimony of irreparable harm with its opening

brief, relying instead on its argument that there is a presumption of irreparable harm and three paragraphs in an attorney declaration. (Mot. at 22:28–25:8.) With its Reply, Genentech now offers the McGavock Declaration, which purports to respond to the analysis by JHL's damages expert but in reality goes further to present new evidence that Genentech could have—and should have—introduced with its Motion. This Court should strike the entirety of the McGavock Declaration because it consists entirely of new damages evidence from a completely new expert. At the very least, the new evidence from the McGavock Declaration described below should be stricken, and the Court should disregard Genentech's arguments relying on such evidence.

Paragraphs 25–31 of the McGavock Declaration offer new evidence purporting to support Genentech's argument that the biosimilar market is nascent and variable across regions. (McGavock Decl. ¶¶ 25–31; Reply at 14:8–15:24; 17:22-18:7.) Genentech should have raised this argument and supported it in its Motion, particularly given its extensive reliance on *Waymo LLC v. Uber Technologies*, where the nascence of the self-driving car industry was a factor in this Court's decision. (*See* Mot. at 18:25, 19:15–16, 21:20–22:5, 24:5-20 (repeatedly citing *Waymo LLC v. Uber Techs.*, 2017 WL 2123560, at *11 (N.D. Cal. 2017)).) Genentech's argument, just as much as Mr. McGavock's declaration, is also irrelevant: as the discussion in *Waymo* illustrates, the relevant market for calculating lost profits is the one that Genentech is in—*i.e.*, the robust biologics market, and Genentech does not claim to be in the narrower bio*similar* market. (Opp. at 8:13–25; Reply at 14–15.) *See Waymo*, 2017 WL 2123560, at *11 (discussing irreparable harm caused by "loss of Waymo's competitive position in this nascent industry").

Paragraphs 35–41 present new evidence of purported harm to Genentech in a section styled "Areas of Irreparable Harm Not Addressed by Dr. Dickey." Genentech's Reply cites these paragraphs to assert new and additional types of harm (*e.g.*, loss of goodwill and potential development of additional and unspecified biologic products) it would purportedly suffer absent preliminary relief. (McGavock Decl. ¶¶ 35-41; Reply at 17-18.) Genentech had the opportunity (and the burden) to identify these alleged harms in its Motion, but it elected not to do so. (Mot. at 23-25.) Indeed, all of the evidence Mr. McGavock cites to or supplies in these paragraphs appears to have been available to Genentech when it filed its motion and in many cases for the two years

Genentech sat on its claims. (McGavock Decl. ¶¶ 35-41.) *See Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1028 (C.D. Cal. 2018) (striking new expert evidence in reply where it could have been disclosed earlier); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Perhaps recognizing the impropriety of raising these new arguments on reply, Mr. McGavock couches these new arguments as gaps in the analysis of Dr. Bret Dickey in his declaration in support of JHL's Opposition to Plaintiff's Motion. (McGavock Decl. ¶ 37 ("Dickey fails to consider the possibility that Genentech could suffer additional lost profits due to . . .").) This characterization ignores that the burden of showing irreparable harm is Genentech's; Dr. Dickey did not address these alleged harms because Genentech utterly failed to claim them—let alone offer any evidence of them—in its Motion.

Paragraphs 42–44 offer new evidence purportedly of JHL's financial condition in support of Genentech's new argument that a party's prospective inability to satisfy a judgment supports preliminary injunction relief. (McGavock Decl. ¶¶ 42-44; Reply at 18:13-18.) The declaration relies on a public document that is over a year old, which—leaving aside its at best marginal relevance to JHL's current financial position—demonstrates that Genentech could have included this evidence in its opening brief but chose not to do so. (*Id.* ¶ 44.) Genentech did not make this argument, nor submit any evidence related to JHL's financial condition, in its Motion.

At least Paragraphs 25-31, 35-41, and 42-44 of the McGavock Declaration should be stricken and Genentech's arguments relying on these paragraphs should be disregarded to the extent they rely on the new evidence. (*See* Reply at 14:8-28, 15:1-24 [Paragraphs 25-31]; 13:1-12, 16:5-12, 18:8-12 [Paragraphs 35-41]; 18:13-18 [Paragraphs 42-44].)

**B. <u>The Supplemental Kirshman Declaration Should Be Stricken</u>**

To meet its burden of showing that it undertook reasonable efforts to protect its trade secrets, Genentech submits additional testimony from its employee Daniel Kirshman, who claims to "provide additional detail" and "add additional clarity" to his first declaration. (Kirshman Decl. ¶¶ 3, 9.) The supplemental declaration should be stricken in its entirety because each paragraph contains either new facts that could have been submitted with Genentech's opening brief or

duplicative testimony already contained in his first declaration. For example, Mr. Kirshman provides new information regarding the steps Genentech took to investigate Xanthe Lam's alleged misconduct that purportedly show adequate protection of its alleged trade secrets during Genentech's two-year delay in bringing suit. (Supp. Kirshman Decl. ¶¶ 5–9; Reply at 10–11.) This new evidence is a departure from Genentech's position in its opening brief, where Genentech cited only its employee confidentiality agreements and limitations on access to its information (as outlined in Mr. Kirshman's first declaration), and concluded that these measures "***more than suffice*** to demonstrate reasonable efforts to maintain secrecy." (Mot. at 19:18–24 (emphasis added).) Genentech should not be permitted to change its tune and offer belated supposed protections during its substantial delay. *See Wilner v. Manpower Inc.*, 2013 WL 3339443, at *3 (N.D. Cal. 2013) (sustaining objection to new facts justifying plaintiff's delay in amending complaint presented for the first time in reply).

The Court should therefore decline to consider Mr. Kirshman's supplemental declaration, or at minimum, strike Paragraphs 5-9, and disregard the corresponding argument in Genentech's Reply to the extent it relies on the new evidence. (*See* Reply at 10:5–11:10.)

## III. CONCLUSION

For these reasons, JHL respectfully requests the Court to strike and disregard the McGavock Declaration and Supplemental Kirshman Declaration entirely, or, in the alternative, at least Paragraphs 25-31 and 35-44 of the McGavock Declaration and Paragraphs 5-9 of the Supplemental Kirshman Declaration, and the arguments in Genentech's Reply relying on such evidence.

Dated: February 1, 2019

O'MELVENY & MYERS LLP

By: /s/ *Darin W. Snyder*
Darin W. Snyder
Attorneys for Defendant
JHL BIOTECH, INC.