IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>JHL BIOTECH, INC., *et al.*,<br><br>    Defendants.<br>_____ / | No. C 18-06582 WHA<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |

Both sides in this civil action have filed administrative motions to file under seal in connection with plaintiff Genentech, Inc.'s motion for provisional relief (Dkt. Nos. 13, 75, 106, 108). This order resolves those administrative motions.

In this circuit, courts start with a "strong presumption in favor of access" when deciding whether to seal records. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related" to the merits — as here, where Genentech seeks provisional relief based on defendants' alleged misappropriation of its trade secrets — bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). Furthermore, Civil Local Rule 79-5(b) requires administrative motions to file under seal to "be narrowly tailored to seek sealing only of sealable material."

### 1. GENENTECH'S MOTION TO SEAL (DKT. NO. 13).

Genentech seeks to seal documents in connection with its motion for provisional relief (Dkt. No. 13). The supporting declaration states that the documents or portions thereof listed in Exhibit A (related to various declarations and exhibits) contain Genentech's trade secrets (Dkt. No. 13-1 ¶¶ 3–5). Compelling reasons having been shown, Genentech's request to seal the documents or portions thereof listed in Exhibit A is **GRANTED**.

As to the documents or portions thereof listed in Exhibit B, three defendants have filed supporting declarations as follows.

*First*, defendant Racho Jordanov seeks to seal page 7, lines 21–22 (highlighted in blue) of the Kirshman Declaration. This portion discusses the circumstances under which Jordanov left his employment with Genentech (Dkt. No. 97 at 2–3). Because the circumstances surrounding Jordanov's departure from Genentech back in 2011 are irrelevant to the underlying motion for provisional relief, Jordanov's request is **GRANTED**.

*Second*, defendants Xanthe and Allen Lam seek to seal portions of the Kirshman Declaration and Exhibits 9, 13, 17, and 19 to the Kirshman Declaration (Dkt. No. 87). They declare that the portions of the exhibits highlighted in blue pertain to personal private information concerning their phone number and phone numbers and/or personal private email addresses of non-parties associated with the Lams (*id*. at 1–2). The request to seal private information related to phone numbers and email addresses in the exhibits to the Kirshman Declaration is **GRANTED**.

The Lams also declare that the portions highlighted in blue in paragraphs 21–22 of the Kirshman Declaration should be sealed because it pertains to "[p]ersonal private information concerning Defendant Allen Lam's employment at Genentech, Inc." (*id*. at 1). The circumstances under which Allen Lam left his employment at Genentech, however, are relevant to the merits of the underlying motion for provisional relief. Allen Lam has not articulated a compelling reason (other than a boilerplate claim of "personal private and/or confidential information") to overcome the strong presumption of disclosure. The request to seal paragraphs 21–22 of the Kirshman Declaration is therefore **DENIED**. Allen Lam will have **TWO WEEKS**

2

from the date of this order to seek emergency relief from our court of appeals, failing which that portion of the Kirshman Declaration shall be unsealed.

*Third*, defendant JHL Biotech, Inc. seeks to seal only those portions highlighted in blue in the versions of the nine documents accompanying the Eberhart Declaration (Dkt. No. 108-1). These documents include Exhibits 3, 5, and 6 to the Balogh Declaration; Exhibits 11–12 of the Kirshman Declaration; Exhibits 6, 8, and 17 to the McCloskey Declaration; and the Supplemental Balogh Declaration (*id*. at 1–2). The supporting declaration states that those portions relate to (1) "confidential and sensitive business information regarding" JHL's testing data, methodologies, strategies for formulation development, process development of JHL's Pulmozyme biosimilar, JHL's timeline for development of its Pulmozyme biosimilar, and pricing information for JHL's Pulmozyme biosimilar, and (2) various individuals' personal mobile phone numbers and/or email addresses (*id*. ¶ 4–7). Compelling reasons having been shown, JHL's request to seal the aforementioned portions is **GRANTED**.

Genentech's motion to seal the other documents or portions thereof listed in Exhibit B, except to the extent stated above, is otherwise **DENIED**. Genentech shall file a revised version of the relevant documents, in comport with this order, on the public docket by **MARCH 20 AT NOON** (unless Allen Lam seeks emergency relief from our court of appeals).

### 2. JHL'S MOTION TO SEAL (DKT. NO. 75).

JHL seeks to seal documents in connection with its opposition to the motion for provisional relief (Dkt. No. 75). The supporting declaration states that the documents or portions thereof listed in Exhibit A (related to various declarations and exhibits) contain information related to (1) "confidential JHL business operations," (2) "confidential JHL protocols and procedures related to quality systems and facility operations," and (3) "confidential JHL protocols, procedures, and reports related to stability, potency, purity, identity, and quality evaluations of JHL biosimilar products in development" (Dkt. No. 75-1 at 1–12). JHL further declares that it understands that Genentech alleges that those documents or portions thereof are based on Genentech's trade secrets (*ibid.*). Compelling reasons having

3

1 been shown, JHL's request to seal the documents or portions thereof as listed in Exhibit A is
2 **GRANTED**.

3 As to the yellow-highlighted portions of documents listed in Exhibit B, Genentech filed
4 a supporting declaration stating that those portions contain Genentech's trade secrets (Dkt. No.
5 89 ¶ 3). Genentech's request to seal the portions of documents listed in Exhibit B of JHL's
6 motion to seal is **GRANTED**.

### 3.  GENENTECH'S MOTION TO SEAL (DKT. NO. 106).

Genentech seeks to seal documents in connection with its reply to the motion for provisional relief (Dkt. No. 106). Specifically, Genentech seeks to seal yellow-highlighted portions of the Supplemental Balogh Declaration, Appendices A & B of the Supplemental Balogh Declaration, and the Supplement Kirshman Declaration (Dkt. No. 106). As to the information at issue in the Supplemental Balogh Declaration and its appendices, Genentech declares that it contains Genentech's trade secrets (Dkt. No. 106-1 ¶¶ 2–5). As to the information at issue in the Supplemental Kirshman Declaration, Genentech declares that it contains discussion of "certain confidential business information related to the procedures and tools Genentech employs when conducting a sensitive internal investigation into suspected employee misconduct" (*id*. ¶ 8). Genentech further explains that disclosure "would damage Genentech's ability to conduct investigations of this nature in the future if the specific steps [Genentech's Healthcare Compliance Office] takes were to be made public" (*id*. ¶ 9). Compelling reasons having been shown, Genentech's request to seal the aforementioned portions is **GRANTED**.

JHL seeks to seal the blue-highlighted portions of page 24 of the Supplemental Balogh Declaration, declaring that those portions "contain confidential and sensitive business information regarding JHL's testing data and methodologies" (Dkt. No. 108-1 at 2). These portions also overlap with Genentech's trade secrets. Accordingly, JHL's request to seal the aforementioned portions supported by JHL's declaration is **GRANTED**.

4

Except to the extent stated above, Genentech's request to seal is otherwise **DENIED**. Genentech shall file a revised version of the relevant documents, in comport with this order, on the public docket by **MARCH 20 AT NOON**.

\*          \*          \*

The above rulings are without prejudice, as this civil action will continue to produce an evolving landscape of sealable material. For example, as this litigation progresses, it will become clearer which of Genentech's thirty-six asserted trade secrets — which, until now, have all been kept under seal — actually qualify as such. Those that do not will ultimately be unsealed.

**IT IS SO ORDERED.**

Dated: March 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5