ROD DIVELBISS (State Bar No. 102345)
JRA LAW PARTNERS, LLP
450 Pacific Avenue, Suite 200
San Francisco, California 94133
Telephone No.: (415) 788-4646
Facsimile No.: (415) 788-6929
Email: rdivelbiss@jralp.com

Attorneys for Defendant
JOHN CHAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENENTECH, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>JHL BIOTECH, INC., XANTHE LAM, an individual, ALLEN LAM, an individual, JAMES QUACH, an individual, RACHO JORDANOV, an individual, ROSE LIN, an individual, JOHN CHAN, an individual, and DOES 1-50,<br><br>    Defendants. | Case No. 3:18-cv-06582-WHA<br><br>**OBJECTION BY DEFENDANT JOHN CHAN TO JOINT REQUEST TO MODIFY MARCH 1, 2019 ORDER (ECF NOS. 128; 197)**<br><br>Courtroom: 12, 19th Floor<br>Judge:     Hon. William H. Alsup<br><br>Date Filed: October 29, 2018<br>Trial Date: January 25, 2020 |

Plaintiff Genentech, Inc. and Defendant JHL Biotech, Inc. have jointly requested that the Court modify its March 1, 2019 Omnibus Order to strike provisions of that Order which the Court inserted for the protection of the indicted and unindicted individual defendants. John Chan joins in the Objections submitted by Xanthe and Allen Lam. In addition, Defendant John Chan, who is a defendant in this civil action, and a defendant in the parallel criminal proceedings (3-18-CR-00527-WHA), objects to the requested modifications to the Order on the following grounds:

1. The provisions sought to be stricken were inserted in the Order in response to the Motions to Stay (ECF 56, 58, 60) to protect the individual defendants. Accordingly, not only would the suggested modification be contrary to the spirit of the Order, it would be antithetical to the reasons underlying the Order. It defies logic to suggest that the concerns expressed by this Court which relate to the individual defendants can be stipulated away by the two parties, JHL and Genentech, who had no fair criminal trial rights threatened by ongoing civil discovery. Such would be similar to the individual defendants stipulating away Genentech and JHL's rights to keep confidential company documents from public disclosure.

2. JHL should not be allowed to change its position to the detriment of the individual Defendants. As noted by the Objection filed by the Lams, at the time of the hearing, JHL cited *SEC v. Alexander*, 2010 WL 5388000, at *5 (N.D. Cal. 2010) and argued that it would be fundamentally unfair and the Court should not permit Genentech to funnel documents located overseas, otherwise unreachable by a U.S. government subpoena to the government. That situation has not changed. The adoption of the proposed stipulation would, as previously argued by JHL, "[allow] the government to use civil discovery as an end-run around the Rules of Criminal Procedure threatens fundamental fairness and should not be permitted. (recognizing prejudice where "broad civil discovery would unfairly expand the scope of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b).")" (ECF 105, p.13.)

3. JHL and Genentech are inappropriately attempting to modify an Order of this Court without formally seeking reconsideration.

Finally, allowing civil counsel for the individual defendants to share discovery materials with criminal counsel for the individual defendants would not, in any way, ameliorate the

JRA LAW PARTNRES
450 PACIFIC AVE, STE 200
SAN FRANCISCO, CA 94133
(415) 788-4646

inappropriateness of the proposed stipulation. The reasons underlying the prior Order remain and JHL and Genentech should not be allowed to stipulate away individual defendants' rights and this Court's concerns as expressed in the existing Order.

Dated:  May 22, 2019							JRA LAW PARTNERS, LLP

								 /s/Rod Divelbiss
								Rod Divelbiss
								Attorney for John Chan