IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENENTECH, INC., | No. C 18-06582 WHA |
| Plaintiff, | |
| v. | **ORDER RE MODIFYING OMNIBUS ORDER AND PROTECTIVE ORDER** |
| JHL BIOTECH, INC., *et al.*, | |
| Defendants. | |

The criminal and civil defense counsel in the parallel proceedings have a legitimate need to coordinate. Given that the criminal defense counsel should have access to material produced in the civil action, the Court will **MODIFY** the protective order in the instant civil action (Dkt. No. 51) to allow the criminal defense counsel (and those affiliated with those criminal defense counsel, such as investigators) to have the same access to said material. Plaintiff Genentech, Inc. argues that if the protective order is so modified, it should be granted the same permission to receive any discovery the government provides to any individual defendant (Dkt. No. 209 at 6). That request is **GRANTED**.

In turn, an analogous issue concerns whether Genentech may share the discovery it obtains in the civil action with the government prosecutors. A prior order dated March 1 prohibited Genentech from "voluntarily provid[ing] to the government any evidence obtained during the course of discovery in the instant civil action" and further ordered production of documents located overseas to take place at those locations (Dkt. No. 128 at 42–43). This

precaution was ordered to prevent an abuse of the civil litigation, *i.e.*, serving simply as a mechanism for the government to more easily obtain documents from Taiwan (*see id*. at 42). Now, however, defendant JHL Biotech, Inc. *wants* to produce its documents in the United States (and thus bring them within the jurisdiction of a subpoena). In light of this willingness, this order therefore will **MODIFY** the prior order and approve the stipulated request by JHL and Genentech to produce JHL documents in the United States (*see* Dkt. No. 197 at 1:22–24).

The further issue concerns the prohibition on Genentech that it may not voluntarily turn over documents obtained in civil discovery to the government. The prohibition ordered on March 1 was squarely in line with the compromise Genentech willingly made in staving off a full stay of the civil action (Dkt. No. 127 at 75:15–19, 76:18–20, 77:11–13):

> THE COURT: Will you agree that you will not turn anything over to the government?
>
> MR. PETERS: We'll comply with any protective order that this Court enters. Our objective is to litigate this case.
>
> . . . If there's a protective order and we're directed not to provide any information to the government, we won't. They have their case; we have ours.
>
> . . . [W]e will comply with any protective order of the Court. And, and, and we just want this case to move forward. And we submit it to the Court's discretion.

Genentech now seeks to renege on this compromise and wants to voluntarily provide evidence obtained during civil discovery to the government (Dkt. No. 197 at 1:25–2:2). It now asserts that the protective order unlawfully restrains its right under the Crime Victim Right's Act ("CVRA") "to confer with the attorney for the Government in the [criminal] case" (*ibid*. (citing 18 U.S.C. § 3771 (a)(5)). This order doubts this CVRA argument. Genentech wouldn't have the JHL documents in the first place but for the protective order and the denial of the stay. When a party in a civil action receives documents under a protective order that bars it from disclosing to a third party, even the government, the receiving party should honor its word.

Nevertheless, under *In re Grand Jury Subpoenas*, 627 F.3d 1143, 1144 (9th Cir. 2010), where there is no evidence that the government has "engaged in any bad faith tactics" and the parties "do not claim that the documents are privileged," the documents produced in the United

States are subject to our court of appeals' "per se rule that a grand jury subpoena takes precedence over a civil protective order." And, under Federal Rule of Criminal Procedure 17(c), the government may subpoena any witness to produce relevant material. So, if the prosecutors want the JHL documents, it will have to proceed with subpoenas, which will be a more orderly process anyway with a more thorough paper trail. In addition, to the extent the documents are subpoenaed via grand jury, this process will provide a greater measure of confidentiality of the material since the matter (and underlying material) will be subject to the confidentiality rules governed by Federal Rule of Criminal Procedure 6(e). Therefore, this order will *not* modify the prohibition against Genentech's *voluntary* provision of evidence obtained during civil discovery. Genentech's objection is thus **OVERRULED**.

Furthermore, the individual defendants' objections are **OVERRULED**. *First*, we now have a different situation from that presented in defendants' original motions to stay, namely, JHL is now willing and agreeable to producing in the United States notwithstanding the risk that the documents will be subject to subpoena. *Second*, while recognizing that the government does not enjoy a Sixth Amendment right to counsel, there is still approximate symmetry in fairness in allowing the government, as the ally of Genentech, to have more ready access to the same records available to Genentech's counsel, just as the civil and criminal counsel for the individual defendants will now be allowed to have access. It seems two-faced for counsel for the individual defendants to want to trade documents back and forth as between the civil and criminal cases but to deny that relative convenience to Genentech and the government.

The Court is sufficiently familiar with the evidence in the case to say that the allegations by Genentech and the government of trade secret misappropriation are at least plausible. Allowing all counsel for plaintiffs, defendants, and the government in both the civil and criminal proceedings to have access to the relevant documents at the heart of the controversy will promote the search for truth, not impede it. Just as the criminal defense counsel will now have access to the material produced in the civil discovery, the government will now have access to the same materials in order to make its points against the individual defendants (even if it must be done via subpoena).

In sum, this order modifies the civil protective order (Dkt. No. 51) as follows:

> 2.8 <u>Outside Counsel of Record</u>: (1) attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared in this action on behalf of that party; or (2) who are retained to represent or advise that party and have appeared in criminal action 3:18-cr-00527-WHA on behalf of that party or are affiliated with a law firm which has appeared in criminal action 3:18-cr-00527-WHA on behalf of that party, which attorneys may use Protected Materials only for purposes of defending that party in criminal action 3:18-cr-00527-WHA.

Per JHL and Genentech's stipulated request (Dkt. No. 197), this order further modifies the order dated March 1 (Dkt. No. 128) by allowing document production to occur in the United States, free from the limitations imposed by the language beginning on page 42, line 27, and ending on page 43 at line 5. This order does *not* modify that order's limitation prohibiting Genentech from voluntarily providing evidence obtained during the instant civil action to the government (found on page 42, lines 26–27), for the reasons stated above.

The effectiveness of this order is **STAYED** for **14 CALENDAR DAYS** from the date of this order to allow any party to seek emergency relief from our court of appeals, failing which this order shall become effective immediately.

**IT IS SO ORDERED.**

Dated: May 30, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE